PERRY'S ADMINISTRATORS AND OTHERS, Respondents, v. ROB-ERTS, Appellant.

1. A. gave to B. his title bond for the conveyance to B. of a tract of land upon the payment of the purchase money agreed upon, for which B. gave to A. his promissory notes. *Held*, that the heirs of A. are properly made co-plaintiffs with his administrators, in a suit brought to recover the amount due on the promissory notes, in which it is sought, on account of B.'s in-solvency, to subject the land to the payment of the debt.

*Appeal from Madison Circuit Court.*

*Frissell*, for appellant.
*Noell*, for respondents.

RYLAND, Judge, delivered the opinion of the court.

This is a suit to recover the purchase money of a tract of land sold by John Perry in his lifetime to the defendant, Rob-erts, for which land Perry executed his title bond to Roberts, conditioned to execute a deed upon the payment of the pur-chase money. The suit was originally brought by the admin-istrators for the purchase money, without any reference to the tract of land. The petition was subsequently amended, alleg-ing the insolvency of Roberts, and praying a decree subjecting the land to the judgment of the debt. In this amended peti-tion, the heirs of John Perry, in whom the legal title to the land was vested, were made co-plaintiffs with the administra-tors. Judgment was rendered in favor of the administrators

for the amount of the debt yet due ; and it was decreed that the land be sold to pay the judgment. The defendant filed his motion in arrest of judgment on the ground that the heirs of John Perry were improperly made parties ; which motion being overruled, exceptions were taken, and the defendant brings the case here by appeal. To the amended petition no answer was ever filed, and the new allegations remained uncontradicted. The question arising on the motion in arrest of judgment is the only point involved in the case.

The defendant, Roberts, the appellant in this court, insists that here are two distinct separate sets of parties plaintiffs, and two distinct causes of action, and two separate judgments ; and that in consequence thereof the judgment below ought to have been arrested.

The respondents here, the plaintiffs below, insist that, inasmuch as the legal title to the land, attempted to be subjected to the payment of the debt due John Perry's estate, was in his heirs, it was necessary and proper that they should be made parties to the proceedings, in order to bind them by the judgment of the court.

Now this proceeding may be regarded as a proceeding to foreclose a mortgage. The legal title was in Perry at his death ; it was left in him for the purpose of securing the payment of this debt. The administrators were competent to sue on the notes or bonds for the purchase money ; but when they were satisfied, from Roberts' insolvency, that the land itself must be made subject to the payment of the debt, it was necessary and proper to make the persons, in whom was the title to this land, parties to the proceeding, in order that they might become bound by it, and that the land might therefore bring its value when sold under judgment, as by such sale the whole title would pass. Had the action been for the recovery of the money alone, without regard to the land, then the heirs should not have been joined as parties. But it is for the interest of all concerned that when the land is to be reached, and when the object of the suit is to subject the land to the payment of

the debt, such persons should be made parties to the action in whom there is any title, that, being parties, and bound by the judgment, the whole title to the land might be sold, and a better price obtained for it. The new code of practice authorizes such a joinder of parties; and the judgment will be affirmed, the other judges concurring.