————o————

PETER SIEMERS, Defendant in Error, *vs.* GEORGE KLEEBURG AND EMELINE KLEEBURG, Plaintiffs in Error.

1. *Husband and wife—Wife may answer separately, when.*—Under the statute (Wagn. Stat., 1001, § 8) a married woman may answer separately although her husband be co-defendant.

2. *Married woman—Mortgage on separate property—Acknowledgment—Relinquishment of dower, etc.*—The certificate of acknowledgment of a married woman to a mortgage given by her on her *separate property*, is not void by reason of the fact that she is therein made to relinquish her dower. Such clause may be rejected as surplusage.

3. *Married woman—Acknowledgment by in 1859 before notary.*—It was competent in the year 1859, for a notary public to take the acknowledgment of a married woman to a conveyance of her real estate. Mitchell vs. People, 46 Mo., 203, affirmed.)

4. *Feme covert—Mortgage of separate estate—Acknowledgment-Unnecessary when.*—*Semble,* that a *feme covert* signs a promissory note, her separate estate will be bound, although her deed of trust given upon such estate to secure the note was unacknowledged.

5. *Married woman—Contract—Consideration.*—The contract of a *feme covert* in order to bind her separate estate need not be based upon a consideration moving directly to her.

6. *Married woman—Mortgage by charge upon rents, etc., when—Trustee should be party, when.*—A mortgage by a married woman upon property held by her in trust will be construed in equity as a charge upon the rents and profits arising therefrom in the hands of the trustee. And in suit to foreclose such mortgage, and for general relief, the trustee should be joined as a party.

*Error to St. Louis Circuit Court.*

Siemers v. Kleeburg, et al.

*Slayback & Hœusler*, for Plaintiff in Error.

I. This is an action at law, and defendant Emeline's separate estate can only be reached by equity. (See Riley vs. McCord, 24 Mo., 265 ; 4 Kent's Com., 192-5 ; Higgins vs. Peltzer, 49 Mo., 156 ; Bauer vs. Bauer, 40 Mo., 62.)

II. Defendant, Emeline, upon the facts shown, did nothing to charge her separate estate, as the same was not derived from her husband. (Kinner vs. Walsh, 44 Mo., 65.) In Lincoln vs. Rowe, (51 Mo., 571) the *feme covert* signed the note, thereby making the debt her own.

III. The acknowledgment of the mortgage by Mrs. Kleeburg was so defective that equity could not cure it. (Wagn. Stat., 935, § 14 ; Raymond vs. Holden, 2 Cush., 264, 271 ; Bruce vs. Wood, 1 Metc., 542-3.)

IV. Being acknowledged before a justice of the peace, it could not affect the wife's estate (7 Mo., 316). The mode of acknowledgment by married women at date of the certificate was governed by the statute of 1855 (R. C. 1855, Ch. 32, § 35). This was the law up to February, 1864 (Adj. Sess. Acts 1863-4, p. 27). The last named act attempts to retroact, but it cannot cure a deed which was inoperative and void *ab initio*. (Potter's Dwarr. Stat, 164-5.)

*Eber Peacock*, for Defendants in Error.

I. A married woman can charge her separate estate for her own debt ; and if so, why not secure the debt of her husband ? (Whitesides vs. Cannon, 23 Mo., 547 ; Claflin vs. Van Wagoner, 32 Mo., 252 ; Kim vs. Weippert, 46 Mo., 532 ; Schnaider vs. Stailr, 20 Mo., 271 ; Miller vs. Brown, 47 Mo., 504 ; 51 Mo., 571.)

II. The words "relinquishes her dower" in the acknowledgment to the mortgage are merely surplusage. (De Lassus vs. Poston ; 19 Mo., 432.) But we hold the deed would be good without any acknowledgment whatever as between the parties to this action. (Claflin vs. Van Wagoner, 32 Mo., 254.)

III. The trustee could not consistently be a party to this action, for if the purpose in joining him be to call in and pass the fee as well as the equity, in case of sale, as there is in the

deed of trust a remainder in trust outstanding, the effect of such action would be to destroy the remainder; otherwise the action would be void.

IV. As to the point that the action is at law, and therefore void as to the wife, it is only necessary to refer the court to the record to see that the whole proceeding is in its nature a proceeding to foreclose an equitable mortgage.

V. A married woman cannot sue or defend without being in court with the husband, except where the two are opposed to each other. (Wagn. Stat., 1001; § 8.)

SHERWOOD, Judge, delivered the opinion of the court.

In 1857, a certain tract of land situated in the county of St. Louis, was conveyed by Joseph Thibault and wife, to Frederick C. Kleeburg "In trust for the following purposes: First, to receive and collect the rents, issues and profits of said property hereby conveyed, and after defraying the costs of repairs upon the same, and taxes and necessary expenses of said property, to pay the said rents, issues and profits to the said party of the third part (Emeline B. Kleeburg) for and during her natural life, upon the receipt of the third party and upon her receipt alone, without any control or interference from the said George Kleeburg, husband of said party of the third part. Second, to hold said property for the use and benefit of such of the children of the said Emeline B. Kleeburg as may be living at the time of her death, and to convey the same in fee simple to such of them as may survive the said Emeline B. Kleeburg and attain the age of twenty-one years," &c., &c.

On June the first, 1859, George Kleeburg executed and delivered to Frederick Grube his promissory note for $500.00, payable in twelve months, with interest at ten per cent.; and on the fourth of the same month Kleeburg and wife executed and delivered to Grube, a mortgage, purporting to convey the property mentioned in the deed, made to the trustee to secure the payment of said note.

In this mortgage, both the husband and wife joined as grantors, and it and the acknowledgment are in the form usu-

ally employed where a married woman designs to convey real estate held in her own right, except that to the certificate of acknowledgment are added the words, "and relinquishes her dower in the real estate therein mentioned."

Suit was afterwards brought by Peter Siemers, the present plaintiff, who claims to be the purchaser of the note from Grube, against George Kleeburg, his wife, Emeline, and the trustee, Frederick Kleeburg, to foreclose the foregoing mortgage.

The petition in substance states, that Emeline Kleeburg being seized and possessed of certain land, describing that mentioned in the mortgage, executed with her husband a mortgage on that land as security for the payment of the note held by Grube; that the land so mortgaged had been conveyed to the separate use of Mrs. Kleeburg; that the note before maturity was, together with the mortgage, assigned and delivered by Grube to plaintiff; that the note was unpaid, and judgment was asked for the principal and interest of the note, "that the equity of redemption of said mortgage be foreclosed and said land sold to pay said judgment, and for such other and further relief as is demanded in the premises." The husband and wife filed] separate answers. The plaintiff dismissed as to the trustee, and the court rendered judgment for the recovery of the amount of the note and interest yet remaining unpaid, and that the equity of redemption of George Kleeburg and Emeline Kleeburg be foreclosed, and that the mortgaged premises be sold to satisfy the amount decreed to be due and charged on the mortgaged property. It was competent for Kleeburg and his wife to answer separately. Section 8, p. 1001, 2 Wagn. Stat., provides * * * * "In all actions by husband and wife, or against husband and wife, they may prosecute the same by attorney, or they, or either, may defend by attorney," &c., &c.

The objection to the form of the certificate of acknowledgment of the mortgage is not well taken. The additional words employed therein may be rejected as surplusage. (Chauvin vs. Wagner, 18 Mo., 531; De Lassus vs. Poston, 19 Mo., 425.)

The other objection, that at the time the acknowledgment was taken, (June 4, 1859,) a notary public had no authority to take the acknowledgment of a married woman to a deed conveying her own estate, is also untenable. The decision of West vs. Best (28 Mo., 551) which upholds the doctrine contended for by plaintiffs in error, was subsequently and very properly overruled in Mitchell vs. People (46 Mo., 203). In consequence of the decision last mentioned, an examination into the force and effect or validity of the act of February 15, 1864, so far as that act has relation to a certain class of acknowledgments, taken prior to that enactment, becomes unnecessary. If, however, the mortgage had not been acknowledged at all, it would seem that the simple lack of acknowledgment would not, of itself, render that instrument null. For, as it has been repeatedly held in this State that the signing of a promissory note by a *feme covert* owner would bind her separate estate, the same result would logically follow the execution of an instrument purporting to create an incumbrance on such separate property. But this point not being directly involved in the record, the expression of any decided opinion on it need not be given.

The position of counsel for plaintiffs in error, that the contract of a *feme covert*, in order to bind her separate estate, must be based on a consideration moving directly to her, is obviously incorrect. The right of a married woman to dispose of property settled to her sole use, either for her own benefit or for the benefit of another, as security or otherwise, is a necessary corollary from the premise that *quoad* such property she is a *feme sole* (Lincoln vs. Rowe, 51 Mo., 571). In the absence of any clause in the instrument creating the trust against anticipation or alienation, she will be in respect to her separate estate, held by a court of equity, as free to act, as untrammelled, as any other property owner whatsoever.

It will be observed in the present instance, that the interest of Mrs. Kleeburg is simply an equitable one. She is only entitled during her life to the usufruct of the property conveyed to the trustee; and even then the enjoyment of the rents

and profits is, by the very terms of the trust, made to depend upon the execution to him of her individual receipt. Whether the mortgage executed by Mrs. Kleeburg upon the trust property would amount in equity to a charge upon the rents and profits arising therefrom in the hands of the trustee, is a point by no means free from difficulty; a difficulty which an examination of the numerous and conflicting authorities by no means tends to dispel. I am, however, of the opinion, that the only legitimate conclusion deducible from the execution of the mortgage by Mrs. Kleeburg is, that she intended such a charge should be created, for otherwise her act would be meaningless and inoperative. (Lincoln vs. Rowe *supra*, and cases cited.)

I was at first inclined to regard the proceeding in the court below as merely a suit at law to obtain a statutory foreclosure; but after a careful scrutiny of the petition, and a *piecing together* of its *disjecta membra*, I was able at length to discover, that the pleaders ought to subject the separate estate of Mrs. Kleeburg to the payment of the mortgage debt; for the petition as a whole, in effect, alleges, that Mrs. Kleeburg, being seized and possessed of a separate estate, mortgaged the same, in order to secure the debt due by her husband. And although the petition asks that the equity of redemption be foreclosed, yet it concludes with what an old chancellor has denominated the next best prayer to the Lord's Prayer—a prayer for general relief.

But an objection more serious than any yet considered, results from the dismissal of the trustee before the cause was heard. In ordinary suits under the provisions of our Practice Act, the non-joinder of a party, if not objected to, either by demurrer or answer, is deemed to be waived. This being, however, a proceeding in equity, must be governed by equitable principles and rules. Judge Story on this point remarks: "It is the great object of courts of equity to put an end to litigation, and to settle if possible, in a single suit, the rights of all parties interested or affected by the subject matter in controversy. Hence the general rule in equity is, that all persons are to be made parties who are either legally or

equitably interested in the subject matter and result of the suit, however numerous they may be, if they are within the jurisdiction, and it is, in a general sense, practicable so to do." (§ 1526, 2 Sto. Eq. Jur.) The same learned judge, in his treatise on Pleading, holds, that in suits respecting the trust property, trustees, as well as *cestuis que trust*, are *necessary* parties. (Sto. Eq. Pl., §§ 201, 207, 209, 236.)

As this case stands at present, had there been a sale under the decree, what would the purchaser have obtained? Not a title, either legal or equitable, to the rents and profits of the trust property, but at best only a mere *barren right* to proceed in equity against both the trustee and the *cestui que trust,* to be subrogated to the rights of the latter, in respect of those rents and profits. This would be the *apparent effect* of allowing such a glaring dereliction from the proper rules of equitable procedure to pass unnoticed and go unrebuked. But it is impossible to foresee what embarrassing complications might arise, or what ruinous sacrifices might befall the trust property, if the decree as rendered was allowed to stand.

In order that the plaintiff may suitably amend his petition, and make the trustee a party, and in order that if, upon a hearing anew, a decree should again go in favor of the plaintiffs, such decree may be so moulded as to require the trustee to pay over and deliver to the purchaser or purchasers at the sale under the decree, the rents and profits arising from the trust property, during the life of Mrs. Kleeburg, the judgment will be reversed and the cause remanded. All the judges concur.