LEEPER v. LYON, *Appellant.*

1. **Equity Practice.** The trial court having taken the verdict of a jury upon two of the issues presented by the pleadings in an equity case, adopted the verdict and rendered judgment upon the whole case without trying the remaining issues. *Held*, that this was error.

2. **Vendor's Lien:** NECESSARY PARTY TO A SUIT. When the administrator of a vendor of real estate who has died without making a conveyance, brings suit for the purpose of enforcing a vendor's lien for the unpaid purchase money, the heirs of the vendor should be made parties, and their presence cannot be dispensed with by tendering, either in the pleadings or at the trial, a deed from the heirs to the vendee, unless the vendee accepts the deed.

*Appeal from Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

Plaintiffs brought this suit as administrators of John B. Leeper, deceased, upon a note executed by defendant in favor of said Leeper, the consideration of which was a title bond by which Leeper bound himself to make a deed to defendant for certain real estate when the note should become due, provided it was then paid. The petition described the land to be conveyed, and tendered to the defendant a deed for certain land, alleging that it was the same land, that the deed was executed by each and all the heirs of Leeper, and that each and all of them were of age and

competent to make it. It then prayed judgment against the defendant for the amount of the note with interest, and that the land be sold to satisfy the debt.

The answer denied that the land described in the deed tendered was the same as that described in the title bond, and averred that defendant, in the life-time of Leeper, tendered him the amount then due on the note, delivered the title bond to him and demanded a deed for the land described in it, but he refused to receive the money, and refused to execute the deed. It further denied that all the heirs of Leeper were of age or competent to make a deed.

When the case came on to be tried, by agreement, the following issues of fact were framed and submitted to the jury: 1st. Is the land described in the deed tendered in court the same land described in the title bond from John B. Leeper to defendant? 2nd. Did the defendant, in the life-time of the said John B. Leeper, tender to the said Leeper and deliver to him said title bond and offer to pay for the land therein described, and demand a deed for the same from said Leeper? If so, did said Leeper fail and refuse to make said deed? The jury found for the plaintiffs on both these issues, whereupon the court proceeded to render judgment, on the whole case, for the amount of the note and interest, and ordered the vendor's lien enforced. There was no trial and no finding upon the issues presented by the pleadings, as to the age and capacity of the Leeper heirs. Defendant appealed from the judgment.

*Waters & Winslow* and *John Dixon* for appellant.

*Pollard & Chapman* for respondents.

HOUGH, J.—This was a proceeding in equity, and as all the issues made by the pleadings were not submitted to the jury, the court should have proceeded, after their verdict was rendered on the issues which were submitted to them, to try the remaining issues, and its action in adopting the finding of the jury and en-

1. EQUITY PRACTICE.

tering up judgment on the whole case, without doing so, was erroneous.

When the administrator of a vendor of real estate, who has died without making a conveyance, brings suit for the purpose of enforcing a vendor's lien for the unpaid purchase money, the heirs of the vendor should be made parties, and their presence cannot be dispensed with by tendering, either in the pleadings or at the trial, a deed from such heirs to the vendee, unless the vendee accept such deed. The mere tender of the deed cannot have the effect of investing the vendee with the legal title. In order to decree the sale of real property in a proceeding to enforce a vendor's lien, the holders of the legal title must be made parties. *Perry v. Roberts*, 23 Mo. 221; *Siemers v. Bleeburg*, 56 Mo. 196; Story's Eq. Plds., (7 Ed.) §§ 160, 172 a. The judgment of the circuit court will be reversed and the cause remanded. All the judges concur.

*2. VENDOR'S LIEN: necessary party to a suit.*

REVERSED.