Ross *et al.*, *Appellants*, v. JULIAN, *Public Administrator.*

1. **Probate Jurisdiction**: VENDOR'S LIEN. A court of probate whose jurisdiction is limited to " suits and proceedings instituted against executors and administrators upon any demand against the estate" of any decedent, has no power to enforce a vendor's lien against land belonging to an estate of a decedent. The heirs are necessary parties to such a suit.

2. —— —: PROCEDURE WHERE DECEDENT LEAVES LAND NOT PAID FOR. When a decedent leaves land, the purchase money for which is unpaid, the probate court can deal with the land only in the manner provided by sections 2, 3 and 4, of article 3, of the administration law, (Wag. Stat., p. 94). It may allow the debt as a demand against the estate, to be paid in its order like other debts, but cannot declare it a lien, and order it first paid out of the proceeds of the land when sold.

3. —— : ——: SALE OF SUCH LANDS: WHAT TITLE PASSES: DISTRIBUTION OF PROCEEDS. When an administrator for the purpose of paying debts, sells land of his intestate, the purchase money of which is unpaid, the purchaser takes it subject to the vendor's claim for the purchase money. If the vendor is himself the purchaser, he stands in the same position as a stranger, and must pay the amount of his bid without deducting the amount of his claim. The proceeds of such a sale are to be distributed among the creditors in the order of priority of their demands.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED.

*P. T. Simmons* for appellant.

1. The allowance of the Putnam claim did not create any lien on the real estate. And the recitations in the judgment of allowance give no validity to the proceedings, because the probate court has no jurisdiction to enforce vendor's lien. *Prewitt v. Jewell*, 9 Mo. 723 ; Local Acts of 1855, p. 58, 34. 2. The allowance of the claim was an action *in perscnam*, and should have been paid in common with all other fifth class demands. It did not take priority

over claims allowed in the second class of demands. Nor was the vendor's lien extinguished by reason of the sale of the land to a person having knowledge of its existence. Where real estate is sold subject to an incumbrance, the proceeds of the sale become assets in the hands of the administrator for the payment of debts according to their classification. *Welton v. Hull*, 50 Mo. 299. 3. There are but two classes of lien that take priority in order of payment. 1st, The lien of a judgment; 2nd, The lien of an attachment. No lien attached by reason of the allowance of Putnam's claim in probate court, and, therefore, it took no priority. Wag. Stat., §§ 11, 12, p. 95. Demands against an estate must be paid in the order in which they are classed, and no demand in one class can be paid until all demands in previous classes are satisfied. Wag. Stat., § 29, p. 105.

*H. E. Howell* for respondent.

1. The probate and common pleas court had exclusive original jurisdiction of the vendor's lien, to find it and order it paid. Sess. Acts 1855, p. 57; *Pearce v. Calhoun*, 59 Mo. 271; *Dodson v. Scroggs*, 47 Mo. 285. 2. And if it did not, the order of the court for the administrator to pay the lien from which no appeal has been taken, is a sufficient protection for the administrator after he has, in good faith, obeyed it and paid out the money on it. *Merritt v. Merritt*, 62 Mo. 157; 3d Lead. Cas. in Eq., (3 Am. Ed.) 468.

HENRY, J.—In her life-time, Elizabeth Williams purchased of W. H. Putnam the west half of the northeast quarter of section 19, township 20, range 21, in Greene county, and agreed to pay for the same $240.35. Putnam executed a deed, but for the purchase money had a vendor's lien on the land. In May, 1875, he duly presented his demand against the estate of Mrs. Williams for allowance in the probate and common pleas court of Greene

county, which was allowed and placed in the fifth class of demands against said estate, and in the or 'er allowing it the court found and declared that the debt was incurred as above stated, that it was a lien on said land and to be first paid in full out of the sale thereof. Subsequently, on the petition of the administrator, the defendant herein, the court ordered a sale of said land, and Putnam purchased it at the price of $350, in payment of which he was allowed by the administrator the amount of his said demand against the estate, and only paid the balance. There were allowances against said estate in the second class of demands, as follows: $10 in favor of E. T. Robinson, $25.50 in favor of T. J. Gray, and $10 in favor of T. E. Ross.

Ross and Gray filed a motion in said probate court asking that an order be made upon said administrator to pay their demands against the estate. After paying Putnam the amount of his demand and costs and expenses, &c., there were no assets in the administrator's hands for the payment of the second class of demands. The court made the order, and the administrator appealed to the circuit court of Greene county, where the judgment of the probate and common pleas court was reversed, and from the judgment of the circuit court Ross and Gray have appealed to this court. The petition upon which the order of sale was made, filed by the administrator, alleged that the personal estate of the intestate was insufficient to pay the demands against her estate; that there was no personal property or debts due the estate, and that there were debts due from deceased, as follows: specifying them as above except omitting the demand in favor of Robinson and including Putnam's claim, which the petition alleged was allowed as a lien on the above described estate, and prayed the court to make an order for the sale of the same, or so much thereof as might be necessary for the payment of the debts of the said estate. The order of sale made on this petition is not preserved in the bill of exceptions.

For the administrator, it is contended that he was

legally authorized and required by the order of the court

**1. PROBATE JURISDICTION: vendor's lien.** allowing Putnam's demand, to pay him the full amount thereof out of the proceeds of the sale of the land; in this connection insisting that the probate and common pleas court of Greene county has exclusive original jurisdiction to ascertain and enforce vendor's lien upon the lands of an intestate. The jurisdiction of that court is substantially the same as that conferred by the statute upon county courts having probate jurisdiction, "to hear and determine all suits and proceedings instituted against executors or administrators upon any demand against the estate, when such demand shall not exceed, &c., and concurrent jurisdiction with the circuit court in all such cases, when the demand shall exceed that sum, subject to appeal to the circuit court in all cases." In a suit to enforce a vendor's lien, the heirs of deceased are necessary parties. It is not a proceeding which can be maintained against the administrator alone. The demand may be allowed in the probate court without special notice to the heirs, but they are necessary parties to a suit to enforce its payment as a vendor's lien, by sale of the land. *Perry v. Roberts*, 23 Mo. 221; *Siemers v. Kleeburg*, 56 Mo. 196; *Leeper v. Lyon*, 68 Mo. 216.

The statute requires all demands allowed to be placed in one of the six classes, and the administrator or executor to pay them "in the order in which they are classed, and no demand of one class shall be paid until all previous classes shall be satisfied." Wag. Stat., §§ 1, 29, pp. 101, 105. Judgments rendered against the deceased in his life-time, and judgments rendered upon attachments levied upon property of the deceased during his life-time, are preferred demands, and are placed in the fourth class, while to vendor's liens no such preference is given.

By the 8th section, Wag. Stat., p. 94, if any person die leaving land encumbered by any lien whatever, and

Ross v. Julian.

2. ———: proced-
ure where deced-
ent leaves land
not paid for.

shall not have devised or provided for the redemption thereof by will, the court has power to order the executor or administrator to redeem it out of the personal assets, or to sell other real estate for that purpose, but there is no provision for the sale of real estate upon which there is a vendor's lien to pay the same, except that contained in section 3, of article 3. Special provisions are made in that article of the act for the guidance of probate courts in relation to land purchased by the deceased for which the purchase money is unpaid. Section 2, page 94, provides that if the completion of such payment would be beneficial to the estate and not injurious to creditors, the administrator or executor, by order of the court, may complete such payment out of the assets in his hands, and such estate shall be disposed of as other real estate. By section 3: If the court believe, after the payment of debts, there will not be sufficient assets to pay for such real estate, it may order the executor or administrator to sell all the right, title and interest of the deceased therein; or, by section 4, if, in the opinion of the court, advantageous to the estate, it may order the land so purchased to be relinquished to the vendor, on the best terms that can be agreed upon. These special provisions exclude the idea of enforcement of a vendor's lien by a sale of the land, and giving a preference out of the proceeds to the vendor who holds the lien by a proceeding in the probate court. The order allowing the demand to the extent that it ascertained and declared the lien, and required it to be first paid out of the proceeds of a sale of said land, was a nullity, and furnished no justification to the administrator for his compliance with it.

3. ———: ———:
sale of such lands:
what title passes:
distribution of
proceeds.

The order of sale was subsequent to the order allowing Putnam's demand, and the administrator should have looked to that rather than to the order of allowance. His petition for the sale of the land was sufficient under the 3rd section of article 3, *supra.* It asked for an order to sell the land for

the payment of the debts, and, as the order is not preserved in the bill of exceptions, it must be presumed that it was made in conformity to the prayer of the petition, and, if so, required the proceeds of the sale to be disbursed among the creditors as provided by the statute, in the order in which their demands were classed. If, as we have assumed, the sale was made under the 3rd section, then Putnam purchased at the sale only the right, title and interest of the deceased, and his bid was in effect the amount of his lien, as well as the sum at which he purchased at the sale. If a third person had purchased, he would have had to pay the amount of his bid, and would have held the land subject to Putnam's lien. The administrator, out of the proceeds of the sale of the land, should have first paid the debts in the second class. Judgment of the circuit court is reversed and the cause remanded. The other judges concur.