SCOTT, *Appellant*, v. DAVIS *et al.*

Division One, November 3, 1897.

141    213
95a 1437
99a 1487

1. **Contract:** ACCEPTANCE. The acceptance to close a contract on an offer must be absolute, unambiguous, unequivocal, without condition or reservation, and in exact accordance with the order. It must not vary from the offer either by way of omission, addition or alteration.

2. **Pleading**: CONTRACT OF RECORD : AGREEMENT TO PERFORM IN CROSS BILL : ACCEPTANCE. The vendee of land sued the vendor for $5,000 earnest money paid upon the contract and alleged the failure to convey by warranty deed. The vendor filed a cross bill praying for specific performance of the contract and tendering a warranty deed. The reply to the cross bill admitted the contract but set up that the vendor had agreed to remit $25,000 and agreed to perform the contract with that change. *Held*, that the offer of the vendor in the cross bill and the conditional acceptance in the reply did not constitute "an agreed case" or a "solemn judicial admission" and that the lower court did not err in allowing the executors of the vendor, his death being shown, to dismiss the cross bill, although the testator's devisees were not parties to the suit.

3. **Executors**: PLEADINGS. Under sections 2084 and 2200, Revised Statutes 1889, executors are not bound by the pleadings of the testator, but can accept, amend or dismiss the same.

4. **Specific Performance**: PERSONAL REPRESENTATIVE. The personal representative of the vendor is generally the proper party to enforce specific performance where the purchase money is unpaid after the death of the vendor, although if a conveyance has to be made the vendor's heirs or devisees may also be necessary parties.

*Appeal from St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*R. S. MacDonald, M. Kinealy* and *James R. Kinealy* for appellant.

(1) John T. Davis, during his lifetime, having offered to make specific performance of the contract mentioned in plaintiff's amended petition, and plaintiff having thereupon waived his action for the $5,000 and joined in the prayer for such specific performance, and the offer and the joinder being a matter of record in the court, they constituted an "agreed case," "a solemn judicial admission" for submission of the cause to the court on that issue alone, and that was the only issue remaining before the court for its action at the time of the death of John T. Davis. *Booth v. Cottingham*, 126 Ind. 431; 24 Am. and Eng. Ency of Law, 152, par.

3; *Vanderline v. Smith*, 18 Mo. App. 58; *Fearing v. Irwin*, 55 N. Y. 486; 1 R. S. 1889, sec. 2233.   (2) The devisees (the widow being a devisee) under the will of Davis are necessary parties to any suit in which a contract to convey the land of the deceased, devised to them, is involved. *Burdyne v. Mackey*, 7 Mo. 374; *Aubuchon v. Lory*, 23 Mo. 99; *Sturgeon v. Schaumburg*, 40 Mo. 482; *Dillinger v. Kelley*, 84 Mo. 565; *Kane v. Railroad*, 112 Mo. 34.   (3) The devisees (the widow being a devisee) are necessary parties to a suit for specific performance under the contract of John T. Davis to convey his land.   22 Am. and Eng. Ency. of Law; 1065, and cases cited in note 5; *Hill v. Ressegin*, 17 Barb. 162; Pomeroy on Spec. Per., sec. 494, p. 553; 2 Chitty on Contracts [11 Am. Ed.], 1446.   (4) An appearance as executor is not an appearance as heir or devisee. *Burdyne v. Mackey*, 7 Mo. 374.

*John W. Noble* and *George H. Shields* for respondents.

(1) A money demand was unquestionably the only demand made in plaintiff's amended petition, which was for judgment for $5,000 and interest, on the fact stated in that petition. This demand was never waived.   (2) The executors, as to this money demand, were the only proper parties to be substituted on death of Davis as defendants to resist it, as was done. It was a demand against the estate of the deceased, and the executors were the necessary and only proper parties. R. S. 1889, secs. 95, 2196, 2197.   (3) The executors were given the right by statute to adopt the pleadings of the deceased or to amend, and it was in their power to ask of the court to grant an order to dismiss the cross-petition. R. S. 1889, secs. 2200 and 2084; *Davis v. Smith*, 75 Mo. 219; Pomeroy on Contracts, sec. 490; Fry on Spec. Performance, sec. 115;

*Perry v. Roberts*, 23 Mo. 221; 22 Am. and Eng. Ency. Law, p. 1065; *Butler v. Gage*, 23 Pac. Rep. 462; *Hill v. Proctor*, 10 W. Va. 59; *Angell v. Steeve*, 16 R. I. 200; *Potter v. Ellice*, 48 N. Y. 323. (4) The answer to the cross-petition distinctly presents another and different contract from that set up by defendant, in that it claims that it was agreed, by this separate contract, plaintiff should have a credit of $25,000 on the last payment. (5) An acceptance of an offer to make a contract must not vary from the offer made. The acceptance must be absolute, unambiguous, unequivocal, and without condition or reservation. It must not vary from the offer either by way of omission, addition or alteration; if it does, neither party is bound. Pomeroy on Contracts, sec. 61, 63, 64, and notes; *Green v. Cole*, 103 Mo. 70; *Taylor v. Von Schraeder*, 107 Mo. 206.

ROBINSON, J.—This action was instituted in the St. Louis Circuit Court against John T. Davis in his lifetime for a straight out money demand of $5,000 which the amended petition alleges had been advanced by plaintiff to Davis as a deposit on a contract of purchase of real estate. The title to the land proving defective, defendant Davis was unable to perform, and therefore the plaintiff was entitled to have the said sum returned to him, averring performance on his part. There was a second cause of action in the petition for the same amount of money but based on the failure of Davis to deliver the deed under the contract of sale, and otherwise perform the agreement.

The answer of defendant Davis to the first count of the petition averred that the contract of sale contained a provision forfeiting the deposit of $5,000 if plaintiff failed to comply with its requirements, and denied the other allegations of the petition. The an-

swer also averred performance by Davis, and claimed the $5,000 as forfeit and not payable plaintiff. As to the second count, the answer while renewing its details as set forth in the first defense, set up certain other provisions of the contract of sale averring want of performance thereof by plaintiff; that he made no objections to the deed tendered, but notified Davis that he would not perform his agreement; that defendant had always been ready to perform the contract on his part. To this portion of the answer the plaintiff's reply was substantially a denial of all the averments thereof.

In addition to his answer defendant Davis set up a cross bill in which he prayed judgment against plaintiff to accept the deed offered and to pay the sums payable, and to secure the payments to be made by notes and deed of trust within a reasonable time to be fixed by the court, with interest as in the contract agreed; or that the contract should be canceled and all sums paid thereunder forfeited to defendant, and for general relief. The cross bill set up the written contract of sale, whereby it was agreed that the plaintiff was to pay defendant $200,000, as follows: $5,000 at signing the contract, the receipt whereof was acknowledged; $45,000 in four months, with interest from maturity; $50,000 on or before one year; $50,000 on or before two years; $50,000 on or before three years from date, with interest at six per cent from the delivery of the deed; deferred payments to be secured by deed of trust; taxes for 1888 and thereafter were assumed by plaintiff; defendant Davis to deliver general warranty deed, and defects, if found, to be rectified in not to exceed sixty days from date at which transfer was to be consummated, and if defects not cured nor extention of time had, said contract to be void and the $5,000 to be returned. But if defendant Davis performed his part, and plaintiff failed, the $5,000 to be forfeited to Davis; but contract

not for this cause to cease to be operative; that time was made the essence of the contract, and the sale and transfer was to be consummated within four months from date of contract. The cross bill further averred the payment of $5,000 under the contract; that Davis had always been able, ready and willing to perform, and on performance by plaintiff to convey by warranty deed and deliver possession; that limitations of time had been waived; that on certain times stated, and at other times pending said contract, and now, defendant Davis offered to execute a general warranty deed and tendered same, but plaintiff refuses, and has ever since refused to accept it, and declared he deemed the contract no longer binding; and defendant claimed plaintiff should fully perform the contract or it should be annulled and the money be forfeited to defendant.

Plaintiff replied to the cross bill alleging that "he had no knowledge or information sufficient to form a belief whether or not defendant now is seized of an indefeasible estate in fee to said land, and denies that defendant was so seized on June 18, 1887, but plaintiff is ready to waive such objection *on the rendition of a decree, as hereinafter set forth.*" Plaintiff admits, *save as to the description of the land*, the contract of sale and purchase is correctly set forth in said cross bill, and the plaintiff avers that he was always ready and willing to perform it on his part, and is now so ready and willing, *provided the defendant performs his part according to the true intent and meaning of said contract, as hereinafter set forth.* The reply then re-asserts the allegations of the amended petition down to its prayer and makes it a part of the reply. The reply then denies that Davis was able to perform, and as to whether he is now able plaintiff has no knowledge or information sufficient to form a belief, save the statement in the cross bill. The reply then denies waiver of the

limitation of time; denies that Davis offered to execute or deliver or tendered the deed; and denies refusal, and again avers readiness to perform the contract *according to the tenor and effect as hereinafter set forth.* It then avers that Davis has always been in possession of the land, enjoying the rents, issues and profits, and debarring plaintiff therefrom. The reply further alleges "that by a subsequent contract executed between him and defendant, which is herewith filed, for a good and valuable consideration it was agreed between plaintiff and defendant that $25,000 of the last deferred payment, $50,000, should be remitted to this plaintiff and his obligation to pay same should cease and be discharged." Plaintiff next alleges that "he is now ready and willing to execute and deliver to defendants his notes in due form for the several deferred payments mentioned and provided for in said contract, viz., one for $45,000, due four months after date with interest from maturity; one for $50,000 on or before one year from date; another for the same amount for two years, and one for the balance to be paid at three years; with six per cent interest from delivery of defendant's deed, with deed of trust, with a release clause, as set forth in said contract of sale and purchase. The said several notes and deed of trust to be dated as of the day of the delivery to plaintiff by defendant of said warranty deed free of said liens and incumbrances and upon the full possession and control of the land, and in all other respects to fully comply with said contract and to accept full performance by defendant as aforesaid: "Wherefore, plaintiff assents to and joins in praying a decree of this court directing the parties hereto specifically to perform said contract *as last aforesaid.*" Plaintiff then continues with a prayer for a decree that defendant deliver deed, possession, control, clear of incumbrances, and at the same time plaintiff

shall deliver the notes and deed of trust, and for further relief, "but without prejudice to any rights of plaintiff to any relief on the facts stated in his amended petition herein (should he desire to resort to it and demand it) in the case of a failure of the court to so declare, or of failure of defendant to comply with such decree."

This was the state of the pleadings on the seventh day of May, 1894, when the death of defendant John T. Davis was suggested. On October 8, following, Maria J. Davis, John T. Davis, Jr., and Samuel C. Davis entered their appearance as executors under the will of John T. Davis, and adopted the pleadings of John T. Davis, the original defendant, except the cross bill. The order of dismissal of the cross bill was made after the death of the original defendant had been suggested, and on motion of the executors after the case had been revived against them and when they entered their appearance and adopted the pleadings of the deceased, except the cross bill. It appears from the record that the order of dismissal was made on the eighth day of October, 1894, and continued in force throughout all the subsequent proceedings in the case. On October 16, following, plaintiff filed a motion to set aside the order dismissing the cross bill. The grounds of the motion were that the cross bill contained an offer by the original defendant, John T. Davis, to perform the contract which plaintiff had accepted in his replication, and thereby an executed contract was made of record and could not be rescinded; that the executors had no interest in the real estate and the devisees under the will were not parties, and the dismissal was at the instance of those not concerned in the land and in the absence of the real parties in interest, and before the case was revived against the devisees, and therefore the court had no jurisdiction to make an order of dismissal. The motion to set aside the order of dismissal

was not acted upon until April 9, 1895, and then the motion was overruled.

In this condition of the record plaintiff filed a petition for *scire facias* to revive the suit against the devisees under the will of John T. Davis, deceased. The application for *scire facias* averred the death of John T. Davis, the execution and probate of will devising all his estate equally to Maria J. Davis, John T. Davis, Jr., Samuel C. Davis and Dwight T. Davis. The application alleged that such devisees are all the persons interested in the cause of action set forth in the plaintiff's amended petition and in the cross bill of the original defendant, and thereupon asked for summons to show cause and revival of the cause against the devisees. On December 6, 1894, the four devisees having been served with *scire facias*, made return thereto showing cause against revival : *First*, that the plaintiff's action was for a money demand, and that upon suggestion of Davis's death his executors became parties to this suit and the case stood revived against them and they could not be required to appear in any other capacity; *second*, that the executors asked the answer might be taken as their answer, save as to the cross bill, and that was dismissed by the executors, and such order granted by the court, and the order remains in full force. The devisees further stated that they have at all times approved, and do approve, the said dismissal, and that they are not interested in the action pending, or any issue or matters now presented therein, and ask that the cause should not proceed against them, and that the writ of *scire facias* be discharged.

Plaintiff replied to this return denying that this action, at the time of Davis's death, was or is for a money demand, and that it could not be revived against any persons except the executors, or that said executors are the only proper parties to the suit, or that the devisees

were not interested in the action pending, and then continued, in substance, to set forth again the contract of sale of June 19, 1887, but it nowhere denies the order of the court dismissing the cross bill. The reply then proceeds to set out certain parts of the amended petition and to state the same in the language of the pleader, without, however, pleading the amended petition itself. And in this way the reply undertook to construe the cross bill as an offer to perform by the original defendant, and likewise construed the replication thereto as a waiver by plaintiff of the right to recover on the money demand, and an acceptance of the proposition of the original defendant, John T. Davis. It also alleged that the original defendant was the owner of the land at his death and the devisees were such owners now; that Davis died in April, 1894, and the devisees named took his estate under the will in equal shares; that the death was suggested May 7, 1894, and in due course of time the court made the order to show cause, and alleged that said cause since the death of Davis solely concerned the devisees named, and the executors have had no right, claim or interest in said cause, and that the cause, since the death of Davis, will remain abated until revived against the devisees; and that the court had no jurisdiction to make the order of dismissal. The reply to the return of the *scire facias* then renewed and reasserted defendant's acceptance of what is termed the offer of Davis and again prays for a decree as prayed by Davis, etc., and closed with a prayer that the action may be revived against Maria J. Davis, John T. Davis, Jr., Samuel C. Davis and Dwight T. Davis, the devisees.

The circuit overruled plaintiff's motion to set aside the order dismissing the cross bill and sustained respondents' motion to strike out the reply of plaintiff to

respondents' return to the *scire facias*, on the ground
that the matter therein contained was irrelevant and
redundant.   The plaintiff declining to plead further in
that proceeding, the *scire facias* was discharged and the
cause submitted to the court.   Thereupon the said
cause coming on to be heard on the merits, plaintiff
took a nonsuit with leave to move to set same aside.
Plaintiff saved his exceptions to all of the above orders
and rulings of the court.   On April 10, 1895, plaintiff
filed his motion to set aside the nonsuit on the grounds:
*First*, dismissal of the cross bill on motion of executors;
*second*, overruling plaintiff's motion to set this order
aside; *third*, sustaining executors' motion to strike out
plaintiff's reply to devisees' answer to *scire facias*;
*fourth*, discharging *scire facias* and refusing to revive
cause against the devisees; *fifth*, that plaintiff was
forced to take a nonsuit by said erroneous ruling.
This motion was overruled and plaintiff appeals to this
court from the order discharging the *scire facias* and
-refusing to revive the cause against the devisees, and
from the order overruling his motion to set aside the
nonsuit, assigning for error the same identical grounds.

The first and main contention of the plaintiff is that
the offer of Davis to specifically perform the contract
as made in the cross bill had been accepted by plaintiff;
that the offer of Davis and the acceptance by plaintiff
constituted an agreed case, "a solemn judicial admis-
sion" for submission to the court on the matter of
specific performance, eliminating plaintiff's claim for
$5,000, and everything else from consideration in the
case.   This point has been very forcibly presented by
plaintiff's counsel. The respondents' counsel, however,
insists, and we think correctly, that there was no ac-
ceptance of the averments in the cross bill, but on the
contrary a denial of them.   Plaintiff's reply to the cross-
petition sets up an entirely different contract and prop-

ositions irreconcilable to those presented by the cross bill, in that the reply claims that it was agreed by this special contract, *first*, that plaintiff should have a credit of $25,000 on the last payment; and *secondly*, the reply contained numerous denials against the averments of the cross bill. There was no unequivocal confession of the cross bill, and the only reference to a waiver was upon condition, and furthermore there was a reassertion of the averments of plaintiff's amended petition; *thirdly*, there was a variation in the reply as to the time payments were to be made, notes given and interest to begin, radically different from the contract set forth by Davis in his cross bill; *fourthly*, the reply denied Davis' ability to convey and the offer to accept was only on condition of removal of liens, which plaintiff alleges exist but which was denied by Davis.

Plaintiff strenuously insisted throughout the reply upon performing only "as the contract is therein set forth," which differs in many essential respects from the contract contained in the cross bill. Moreover, at the conclusion of his reply the plaintiff insists that any relief granted shall be without prejudice to the rights of plaintiff to relief on the facts stated in his amended petition; and that nothing said or done until final decree, or performance by Davis, shall prejudice his claim for the $5,000.

As we have seen, plaintiff, instead of accepting or admitting the averments of the cross bill, first denied those averments, then set up a claim to a diminution of $25,000 on contract price, and instead of acquiescence in the averments of the cross bill in effect that Davis had tendered plaintiff a good and sufficient deed, in 1888, and was entitled to have interest on the deferred payments as of the date of such tender. Plaintiff denies this and says, in effect: "If Davis will make and deliver a good deed when the court decrees it, plaintiff

will make notes then and there, and these notes shall bear interest from that date.''

We regard the rule as well settled that the acceptance to close a contract on an offer must be absolute, unambiguous, unequivocal, without condition or reservation, and in exact accordance with the offer. It must not vary from the offer either by way of omission, addition or alteration. If it does, neither party is bound. The following authorities sustain this course of reasoning: Pomeroy on Contracts, secs. 61, 63 and 64; *Green v. Cole*, 103 Mo. 70; *Taylor v. Von Schraeder*, 107 Mo. 206. In view of the above cited authorities we think it should be said that in this case there was not such an offer and acceptance thereof as prevented a dismissal of the cross bill.

It is next contended that the executors were not proper parties to the cross bill, and that the devisees were necessary and the only proper parties; that the executors had no interest in the real estate as it became vested in the devisees, and that the dismissal of the cross bill was made at the instance of parties not concerned in the land, and in the absence of the real parties in interest.

As we have already held, there was no agreed case, no such offer and acceptance here as prevented a dismissal of the cross bill. The cause of action was for $5,000 paid Davis on the contract and which plaintiff was seeking to recover back. The cross bill asserted the execution and tender of a deed to plaintiff; the refusal of plaintiff to accept it and the readiness of Davis to deliver it as made and tendered, coupled with a prayer that plaintiff should by a decree be ordered to accept such deed, and pay Davis the several sums of money that were payable, and secure by deed of trust the other payments with interest, or that all sums already paid should be forfeited.

The executors, having been duly substituted as defendants to the money demand being prosecuted by plaintiff, and being, as we think, proper parties not only to the suit to recover the money alleged to have been paid by plaintiff under the contract, but also the cross bill, which likewise involved a claim for the purchase price of the land, had the undoubted right by virtue of the statute to dismiss the cross bill, as was done.

Under sections 2084 and 2200, Revised Statutes 1889, the executors are given the right to adopt the pleadings of Davis, or to amend or dismiss the same. In *Davis v. Smith*, 75 Mo. 219, it was held that the legal representatives, when substituted in an action, are not bound by the previous pleadings of the party they are substituted for, even as to admission made. That was a suit on a note against a married woman. She filed an answer admitting the execution of the note, but set up other defenses. Plaintiff filed a replication to this answer, and subsequently the married woman died, and the suit was revived against her heirs at law, and the guardian *ad litem* appointed filed an answer denying all the allegations of the petition. HENRY, J., speaking for the court, says: "The pleading of Mrs. Smith is to be taken as that of her representative, unless the latter see proper to file amended pleadings. Here the guardian, for his ward, filed an answer denying all the allegations of the petition, and thereby put plaintiff to the proof of the same, as if there had been no answer filed by Mrs. Smith."

In speaking of the procedure in suits to enforce specific performance of contracts to convey real estate, 22 Am and Eng. Ency. of Law, page 1064, says: "The personal representative of the vendor is generally the proper party to enforce specific performance where the purchase money is unpaid, after the death of the

vendor, although, if a conveyance has to be made, the vendor's heirs or devisees may also be necessary parties." To the same effect is Pomeroy on Contracts, sec. 49; Fry on Spec. Per., sec. 515; *Perry v. Roberts*, 23 Mo. 221; *Leeper v. Lyon*, 68 Mo. 216; *Butler v. Gage*, 23 Pac. Rep. 462; *Hill v. Proctor*, 10 W. Va. 59; *Angell v. Steere*, 16 R. I. 200; *Potter v. Ellice*, 48 N. Y. 323.

The court below undoubtedly had jurisdiction of the cause and of the executors on the plaintiff's claim to recover back $5,000, paid on account of purchase price, and the order dismissing the cross bill certainly can not be said to have been beyond the jurisdiction of the court. We have carefully considered the authorities cited in the brief of plaintiff's counsel, but find that they do not sustain his position.

After a careful consideration of the entire record, we feel that the circuit court committed no error in dismissing the cross bill on motion of the executors, as was done here, and in afterward refusing to set the order of dismissal aside, and in striking out plaintiff's reply to devisees' return to *scire facias* discharging the devisees, and refusing to revive the case against them as defendants.

In the view we have taken of the case it is not necessary to discuss the other points urged by counsel. Judgment of the circuit court is sustained. All concur.