JOSEPH R. WILLIAMS, EXECUTOR OF RACHAEL WILLIAMS, v. NA-
THANIEL FULLERTON.

Where property was conveyed to A., his heirs or assigns, by deed of mortgage,
with a condition that the deed should be void, upon payment to A., as execu-
tor of B., of a debt due from the mortgagor to the estate of B., it was held,
that it sufficiently appeared, that A. held the property in trust, as executor.

Trust property is not liable to be levied upon and sold for the debt of the trustee;
and this rule applies to property in the hands of an executor, both real and
parsonal, whether coming from the testator, or from the collection of debts
or other assets belonging to the estate.

The treasurer of a corporation, who holds money to pay a dividend which has
been declared, and who refuses to pay the dividend upon certain shares upon
the ground that he is himself the owner of the shares, is liable personally to
an action of assumpsit for money had and received, brought in the name of the
real owner of the shares, to recover the amount of such dividend.

INDEBITATUS ASSUMPSIT for money had and received. Plea, the
general issue, and trial by the court, March Term, 1846,—RED-
FIELD, J., presiding.

The plaintiff proved, that he was executor of Rachael Williams,
and that a debt was due to her estate from one Albert Onion; and
he gave in evidence a mortgage deed, executed by Onion, conveying
to the plaintiff, "his heirs and assigns forever," five shares of the
capital stock of the Peru Turnpike Company, previously owned by
Onion, and also a record of the mortgage upon the books of the
company. The deed contained a condition of defeasance, upon pay-
ment to the plaintiff, as executor, by Onion, the debt due from him to
the estate of Rachael Williams. Subsequent to the execution of
this deed, a dividend upon said shares was declared; and the money
to pay the same was in the hands of the defendant, as treasurer of
the company, and was demanded of him by the plaintiff. But after
the execution of the mortgage, and previous to the declaring of the
dividend, the shares had been levied upon and sold by virtue of
an execution against the plaintiff, for his proper debt, and had been
purchased at the sheriff's sale by the defendant; and the defendant
refused to pay to the plaintiff the amount of the dividend, but claim-
ed to retain it as his own property, by virtue of the title acquired by

him by the sheriff's sale. The dividends for former years had been paid to the plaintiff, as executor, by the consent of Onion.

Upon these facts the county court rendered judgment for the plaintiff, for the amount of the dividend demanded. Exceptions by defendant.

*L. Adams* and *O. P. Chandler* for defendant.

1. The mortgage vested absolutely the shares in the mortgagee from its date; *Wood* v. *Dudley*, 8 Vt. 435; and they could be attached upon a debt due from the plaintiff; for it was to him, in his private capacity, that the property passed. The case is not altered, although the defeasance was conditioned on payment of money to the plaintiff, as executor. The interest conveyed is to the plaintiff; the defeasance only shows how and when it may be determined.

2. If the deed conveyed the shares to the plaintiff, as executor, yet they would be subject to attachment upon his private debt. It is no part of the business of an executor to take notes of hand, even, —much less mortgages; and when he does so, he acts in his *private* and not in his representative capacity,—for the reason, that in such transaction he makes himself personally liable to the estate. *Coburn* v. *Ansart*, 3 Mass. 321.

3. Under the circumstances, if the plaintiff, as executor, have any remedy, it must be by the aid of a court of chancery.

4. But if a suit of law can be sustained by the executor, to recover the dividends, it should be brought against the corporation.

*Richardson & Nicholson* for plaintiff.

The plaintiff insists, that the law works no such injustice, as to allow the creditors of an executor of an estate to seize and apply the funds of the estate to pay the executor's private debts. The property, in this case, was not the property of Williams; he held it in trust merely, and the sale upon the execution did not divest his title as executor, nor convey any title to the defendant. The statute, which entitles a creditor to levy upon the goods of his debtor, contemplates such goods, only, as he owns in his own right. Rev. St. 179, § 2; 239, § 3. It is well settled at common law, that trust funds and trust property cannot be seized as the property of the trustee. The decisions in Massachusetts, which seem to militate

against this doctrine, will be found, on inspection, not to have turned upon this question. *Coburn* v. *Ansart*, 3 Mass. 319. And this is more evident from the repeated decisions in that state, that trust property cannot be attached. *Dickinson* v. *Strong*, 4 Pick. 57. *Maine Ins. Co.* v. *Weeks*, 7 Mass. 438. *Perry* v. *Coates*, 9 Mass. 537. *Lupton* v. *Cutter et al. & Tr.*, 8 Pick. 298. *Gore* v. *Clisby*, *& Tr.*, 8 Pick. 555. *Mayhew* v. *Scott & Tr.*, 10 Pick. 54. *Tucker* v. *Clisby & Tr.*, 12 Pick. 22. *Meacham* v. *McCorbitt*, 2 Met. 352.

The action for money had and received well lies in this case; for although the money came into the hands of the defendant as treas-urer, yet he retained it, when demanded, on the ground of his pur-chase from the officer. *State Bank* v. *Stoddard*, 1 D. Ch. 157. *Hall* v. *Marston*, 17 Mass. 575. *Clafin* v. *Godfrey*, 21 Pick. 1.

The opinion of the court was delivered by

REDFIELD, J. It is admitted, that the property in question was trust property; and we think the character of the trust is sufficient-ly declared upon the face of the deed. All that is necessary for that purpose is, that it should intelligibly appear upon the convey-ance;—and we think there could be but one opinion in regard to that point, in the present case.

The general principle, that trust property is not liable to be lev-ied upon and sold for the debt of the trustee, will hardly be ques-tioned by any one. Indeed, if the trustee should himself dispose of it in a manner not justified by the trust, a court of equity would aid the *cestui que trust* to recover it. This rule undoubtedly applies to property in the hands of an executor, both real and personal, wheth-er coming from the testator, or from the collection of debts, or other assets, belonging to the estate. Of course, then, the sale of this property upon the execution against the plaintiff, for his own per-sonal debt, could convey no interest.

The case of *Coburn* v. *Ansart*, 3 Mass. 319, is not law. We think the case has not been followed, even in Massachusetts;—if so, it must be upon some peculiar ground, which it is not necessary to conjecture, or explain. The courts of Massachusetts at an early day adopted a very rigid rule upon this subject,—going so far as to hold, that a judgment, recovered by an executor for the debt of the testator, could not be carried into effect after the decease of the

executor, but that the administrator *de bonis non* might maintain an action upon the original cause of action.  *Grout* v. *Chamberlain*, 4 Mass. 611, 613.  For this the court cite English cases, which I have not examined.  It is obvious, that any such notion is too absurd to be supported by *any authority*, short of an express statute. But the Massachusetts courts, having no court of equity, early fell into the practice of disregarding all distinctions growing out of trusts.

The defendant being himself the treasurer, and, as such, bound to pay the dividends upon these shares, and assuming to withhold the money upon the ground of a claim of right in himself, which is shown to be groundless, we see no reason, why he should not be liable in this form of action.

Judgment affirmed.