### JAMES H. BANCROFT *vs.* JOHN CONSEN.

If a guardian of minor children uses his wards' money to purchase land, and takes a deed acknowledging the receipt of the consideration paid by him, " guardian of the minor children " of A., but running to himself, his heirs and assigns, without otherwise referring to his guardianship, this is sufficient to give notice to creditors of the guardian that the land is held by him in trust; and parol evidence is competent to show that in fact the land was purchased with the wards' money.

The fact that a guardian has wrongfully invested his wards' money in real estate will not render such real estate liable to be seized on execution by his creditors.

PETITION for partition. The defence was a denial of the petitioner's seisin.

At the trial in this court, before *Colt,* J., it appeared that the petitioner claimed title under an officer's deed purporting to convey to him the right in equity of Charles Hersey to redeem one undivided half of certain land from a mortgage. To show that Hersey had such right in equity, the petitioner put in a deed of one undivided half of the land, subject to a mortgage, from John Kelley, " in consideration of one hundred and twenty-five dollars paid by Charles Hersey, of Worcester, guardian of the minor children of Edward Hart, late of Auburn, deceased," but running to said Hersey, his heirs and assigns, without otherwise referring to his guardianship.

The respondent was allowed to prove, against the objection of the petitioner, that Hersey was duly appointed guardian of said minor children, and was duly authorized to sell certain real estate belonging to them, and received therefor one hundred and twenty-five dollars, and with said money purchased from Kelley the interest in the land in question; and that since the land was seized and sold Hersey had conveyed the premises to the defendant.

Upon the foregoing facts, the case was reserved for the determination of the whole court.

*W. A. Williams,* for the petitioner, cited *Atkinson* v. *Atkinson,* 8 Allen, 15 ; *Fitzpatrick* v. *Fitzgerald,* 13 Gray, 400 ; *Parker* v *Converse,* 5 Gray, 336 ; Gen. Sts. *c.* 109, § 22.

*G. F Hoar & A. Dadmun,* for the respondent, cited 2 Washburn

on Real Prop. 193; *Williams* v. *Fullerton*, 20 Verm. 346; *Porter* v. *Bank of Rutland*, 19 Verm. 410; *Blaisdell* v. *Stevens*, 16 Verm. 179; *Anderson* v. *Van Alen*, 12 Johns. 343.

CHAPMAN, J. If Hersey held the land in controversy in trust for the minor children of Edward Hart, and if the petitioner had notice of the trust, then the officer's deed to the petitioner conveyed no title, because the land was not subject to be levied upon by Hersey's creditors. The deed by which the land was conveyed to Hersey, and which was on record, contains both the alleged declaration of trust and the notice of it. Of course the petitioner must be taken to have had all the knowledge which is conveyed by the language of that deed. It is from John Kelley to Hersey, and is expressed to be " in consideration of one hundred dollars paid by Charles Hersey, guardian of the minor children of Edward Hart, late of Auburn, deceased." The case of *Blaisdell* v. *Stevens*, 16 Verm. 179, is quite in point. In that case executors took a conveyance of land in payment of a debt due to the estate, and the consideration was stated in the deed to be received from the grantees, " executors of Daniel Ryan, late of, &c., deceased." This was held to be a sufficient declaration that they held it in trust as executors, and notice of the trust to a purchaser. The rule is stated as follows : " If one have knowledge of distinct facts, affecting the title of land which he is about to purchase, he is not at liberty to close his eyes, and then screen himself under a plea of ignorance of other facts connected with those facts already known to him ; but he is bound in good faith to make reasonable inquiry, and will be presumed to have done so, and will be affected with notice of all such facts as he might have learned by such inquiry." In *Williams* v. *Fullerton*, 20 Verm. 346, certain shares in a turnpike corporation were conveyed in mortgage to one, his heirs and assigns, with a condition to be void upon payment to the grantee as executor a debt due from the grantor to the estate of Rachel Williams. The grantee was in fact executor of Rachel Williams. It was held that the trust was sufficiently declared and notified, so that the creditors of the executor could not hold the dividends by attachment.

No particular form of words is necessary for declaring a trust. 2 Washburn on Real Prop. 192.

The rule as to notice is substantially the same as is stated in 2 Sugden on Vend. (7th Amer. ed.) 890–893. The cases above cited are in conformity with the general current of the authorities, and are sufficient of themselves to establish the principles decided.

It is immaterial whether or not the guardian had authority from the court to invest the money in his hands in this real estate. If the purchase was wrongful, still the trust attaches to the purchased property, because it was paid for with the trust fund. Hill on Trustees, 522.

The petitioner took no title under the officer's deed.

*Judgment for the defendant.*