MARY A. POTTER, sole devisee, etc., Respondent, *v.* EDWARD
ELLICE, Appellant.

48        321
77 AD¹456
77 AD²464

The personal representatives of a deceased vendor are necessary parties to
an action to compel a specific performance of his contract of sale.
Where, however, the heir alone is made defendant, and the defect appears
upon the face of the complaint, if no demurrer is interposed the defect is
to be deemed waived, and his right to object is at an end.

In such an action against the heir, the complaint alleged the appointment of
W. and R. as administrators of the deceased vendor. At the close of the
testimony, defendant's counsel moved to dismiss complaint, upon the
ground that said W. and R. were not made parties, which motion was
denied. No reference was made in the motion to their representative
capacity. *Held*, that defendant was not charged with the protection of the
rights of the administrators, and could only complain of what injured him;
that, in order to raise the question upon appeal of a noncompliance with the
requirements of section 122 of the Code, which directs the court, where
a complete determination of the controversy cannot be had without the
presence of other parties, to cause them to be brought in, defendant
should have called the court's attention thereto, obtained a ruling and
taken an exception upon the trial; and that the motion was not suffi-
ciently specific to raise the question and give defendant the benefit of an
exception that the administrators, as such, were not made parties.

(Argued September 27, 1871; decided January term, 1872.)

APPEAL from judgment of the General Term of the
Supreme Court in the fourth judicial district, affirming a
judgment in favor of plaintiff entered upon the report of a
referee.

This is an action against the heir of a vendor, to compel
the specific conveyance of land. The executors of the deceased
vendor are not made parties. The litigation at the trial was
chiefly upon the claim of the defendant that he could repu-
diate the contract because the payments were not made at the
time specified in the contract. The complaint alleged the
death of the vendor, and the appointment by the surrogate
of St. Lawrence county of Charles R. Westbrook and John
F. Rossell as his administrators within this State, which was
not denied in the answer. Charles R. Westbrook was the
attorney of the defendant in this action.

At the close of the testimony, the defendant's attorney "moved to dismiss the complaint, on the ground that the said Charles R. Westbrook and John F. Rossell were not made parties to the action." The motion was denied by the referee, who rendered judgment for the plaintiff to the effect that the property be conveyed by the defendant to the plaintiff; that the money paid into court by the plaintiff (upon a tender) remain until the delivery and execution of the said deed to the plaintiff, and that then the same be paid to the administrator of Ellice, upon application for the same to the court.

*L. Hasbrouck, Jr.,* for the appellant. The administrators of Edward Ellice were necessary parties, and should have been brought in. (2 R. S., 5th ed., 170, § 12; *Moore* v. *Burrows,* 34 Barb., 173; *Lewis* v. *Smith,* 5 Seld., 502, 510; *Smith* v. *Gage,* 41 Barb., 60, 66; Story's Eq. Pl., § 137; Barb. on Parties, 334; Code, § 122; 2 R. S. [Edm. ed.], 202, § 169; *McMahon* v. *Allen,* 12 How., 39; *Swarthout* v. *Burr,* 1 Barb., 495; *Adams* v. *Green,* 34 Barb., 176; Colant on Parties in Eq., 293; *Heirs of Dyer* v. *Potter,* 2 J. Ch., 152; *Davis* v. *Mayor of New York,* 2 Duer., 665; *Powell* v. *Fitch,* 5 Duer., 666; 7 Abb., 223.) Defendant could not raise the question by demurrer, as his own interests were not affected. (*Newbold* v. *Warren,* 18 Abb., 80; 14 How., 460.) Plaintiff cannot now apply to have parties brought in. (*Brown* v. *Colie,* 1 E. D. Smith, 270; *Ketcham* v. *Zerega,* id., 562.)

*S. W. Jackson* for the respondent. The case is a proper one for a decree of specific performance. (2 Story's Eq., §§ 775, 776; Willard Eq., 292; *Harris* v. *Troup,* 8 Paige, 423; *Voorhees* v. *Dernyn,* 2 Barb., 48; 19 Vesey, 220; 16 Beav., 59, 60; *Edgerton* v. *Peckham,* 11 Paige, 352.) The action was properly brought against the vendor as heir-at-law. (*Swarthout* v. *Burr,* 1 Barb., 449; *Moore* v. *Burrows,* 34 Barb., 175; 2 R. S., § 169; 1 Serg. on Vendors, 264.) Defendant cannot now raise the objection of non-joinder of the administrators. (§§ 144, 147, 148; *Palmer* v. *Davis,* 28 N. Y., 246; *Moore* v. *Burrows,* 34 Barb., 175; 39 N. Y., 49, 287.)

Hunt, C.　It. is difficult to say that this `action is well brought, the administrators of Mr. Ellice not being made parties.　The heir of Mr. Ellice holds the legal title, in trust, to convey the same to the vendee upon performance of the conditions of the contract.　He is a mere instrument, having no real interest in the matter in a case where the contract is performed.　The administrators are the real parties in interest.　Both by the statute and the common law the interest in the contract passes to them.　They are the parties to whom the money is to be paid, and who have the entire beneficial interest in the contract.　Their discharge or receipt is a necessary muniment to the vendee.　They are the parties not only who receive, but who are to settle or to contest, as the case may be, the amount to be paid by the vendee in fulfillment of his contract.　No one else can legally adjust the amount to be paid, or acquit for the payment.　(2 R. S., 83; id., 194, § 169; *Havens* v. *Patterson*, 43 N. Y., 221; *Lewis* v. *Smith*, 5 Seld., 502, 510; 1 Sug. on Vend., 264; Calvert on Parties in Eq., 327.)　The administrators are parties, without whose action some of the most important points cannot be determined.　Among these are the existence of the contract and the amount to be paid in fulfillment of its terms.　Admitting these general rules, the court below supposed that reasons existed why they should not control the present case.　Among other things, it is said that the personal representatives of the vendor were tendered the amount claimed to be due upon the contract, according to their own statement of the amount due.　How has this been established, and by whom?　By witnesses in a suit to which the administrators were not parties.　This is a loose rule, by which the parties are to be bound, and their rights cut off by testimony in suits to which they are not parties, and in which they have no opportunity to establish their rights.

It is said, also, that Mr. Westbrook, one of the administrators, is also the defendant's attorney in this suit.　All we know is, that a gentleman by the name of Charles R. Westbrook is one of Mr. Ellice's administrators, and that a gentle-

man of the same name appears as an attorney in this suit. This is an accidental circumstance, which cannot affect the rule of law or alter the general principle. Mr. Rossell is one of the administrators, but not one of the attorneys. He may be the one administrator who knows the facts of the case, and who is kept in ignorance of the present proceeding, by which they are to be affected.

It is further stated in the opinion below that where the vendee and the heir are the only parties, a judgment might be made saving and protecting the rights of the administrators, to wit: the right to litigate the amount of the purchase-money and the protection of the heir for its payment. If a judgment were thus rendered, it is quite possible that a purchaser under the judgment would be held to have notice and to buy subject to those reservations. This is not, however, a practical question in the present case. The amount of the purchase-money due is absolutely fixed by the judgment, and upon payment of the amount to the clerk the plaintiff is entitled to his deed, free from all question or condition. There are no reservations or restrictions contained in the judgment entered in this case.

Upon the abstract question discussed, I find great difficulty in sustaining the judgment. I apprehend, however, that the point discussed has not been so presented that it is necessarily or fairly in the case. On the evidence as it is before us, there is no reason to suspect fraud, collusion, or that the omission is other than an error in pleading. As I have already shown, this may be otherwise, but there is nothing here to make us suspect that the case is other than a fair one, and that the amount has been properly ascertained.

All the facts are set forth in the complaint, and the respondent alleges that if the administrators were necessary parties, the objection should have been taken by demurrer. (Code, §§ 143 to 148.) It is provided by these sections that the defendant may demur to the complaint when it shall appear on the face thereof. 4th. That there is a defect of parties, plaintiff or defendant. It is further provided that if such objection be

not taken by demurrer, the defendant shall be deemed to have waived the same. It has been many times decided that the term defect of parties applies to a case where there are too few named ; where some are omitted, who should have been made parties. (*Palmer* v. *Davis*, 28 N. Y., 242; *De Puy* v. *Strong*, 37 id., 372; *Fisher* v. *Hall*, 41 N. Y., 416.) The present is a case where the defect is not the want of facts sufficient to constitute a cause of action. All the facts are stated that exist, and they are enough to give a cause of action. The only difficulty is that more persons should have been made defendants to answer to the complaint. This defect was apparent on the face of the complaint. A demurrer should have been interposed, and for the want of it the defect is to be deemed waived. So far as the defendant is concerned, he cannot complain that the defect is waived. His right to object is at an end. If the administrators should think the case one requiring action on their part, a new question would be presented, which we are not called upon now to consider. I do not see that they are cut off from their action by anything that has occurred.

Another section of the Code (§ 122) enacts that "the court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights ; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in." The attention of the court below does not appear to have been called to this section ; nor was any request made that the cause should stand over to add parties. The only reference to this branch of the case was in a motion to dismiss the complaint. The defendant's attorney is not charged with the defence of or the protection of the rights of the administrators. He appears for the heir only, as does his counsel here. He can complain only of what injures his client. He has nothing to do with other interests. If the defendant has any interest in the provisions of this section, he should have made a point upon it at the trial, asked a ruling and taken

his exception. He did not do this, and he cannot now allege the want of the action as error.

The reference to this subject at the trial is contained in the following paragraph of the case: " The defendant then moved to dismiss the complaint on the ground that the said Charles R. Westbrook and John F. Rossell were not made parties to the action. This question was argued before the referee, and at a subsequent day the referee delivered his report in writing. * * * The defendant excepted to the decision of the referee that the administrators of Edward Ellice are not necessary parties to this action." In the motion to dismiss, Westbrook and Rossell are named personally, with no reference to them as administrators. Westbrook was attorney as well as administrator; and the party who wishes the advantage of an exception must specify in his motion exactly what he claims to have. His motion and his exception must correspond. It is not good practice to name in a motion Westbrook and Rossell as proper parties, and to except because the administrators of Ellice are not made parties.

I am of opinion that the objection discussed was not properly before the court, and that the judgment should be affirmed with costs.

All concur.

Judgment affirmed.