SLEEPER ET AL. v. ISELIN ET AL.

TOMES, INTERVENOR, ET AL. v. SLEEPER ET AL.

1. **Deed of Trust:** BENEFICIARY NOT NAMED: ENFORCEMENT OF TRUST. A trust created by a deed which is sufficient in all respects, except that it fails to name the beneficiary, may be enforced by the real beneficiary as against a purchaser from the trustee with notice of the trust, in a case where the name of the real beneficiary is supplied by the testimony of the trustee.

*Appeal from O'Brien District Court.*

SATURDAY, DECEMBER 15.

IN July, 1880, Jno. H. Iselin and Henry H. Iselin were partners, doing business under the name and style of John H. Iselin & Co. As such partners they became indebted to the First National Bank of St. Paul and A. W. Sleeper & Bro. To secure said indebtedness, John H. Iselin and wife and Henry Iselin executed to A. W. Sleeper, trustee, a deed of trust on certain real estate. The plaintiffs are the assignees of the beneficiaries in the deed of trust, and entitled to enforce the lien thereof. This action was brought for that purpose. Henrietta C. Tomes intervened, claiming that she owned a portion of the real estate described in the trust deed, and that as to such portion it should not be enforced. Certain other persons were made parties by the intervenor, and she asked that she be decreed to be the owner of the real estate claimed by her, and for other relief. The issues between the plaintiffs, defendants and intervenor, by agreement of the parties, were submitted to the court. There was a finding and judgment for intervenor, and the plaintiffs and intervening defendants appeal.

*Barrett & Bullis,* for appellants.

*Joy & Wright,* for appellees.

SEEVERS, J.—In 1875, John H. Iselin became the trustee of intervenor in relation to certain stocks and bonds owned by the latter. In 1879, John H. Iselin suggested to the intervenor the propriety of converting the stocks and bonds into money, and investing the proceeds in certain real estate in Sheldon, Iowa. As an inducement to make such investment, Iselin represented to the intervenor that she would receive a larger annual income therefrom than she obtained from the stocks and bonds. The intervenor adopted the suggestion, and authorized said Iselin to sell the stocks and bonds, and invest the proceeds in real estate, as suggested by him. At that time John H. Iselin was the owner of the property in controversy, and he converted the stocks and bonds into money, and the same was placed to his credit on the books of John H. Iselin & Co., and the same was used by said firm in the parternership business, and, in consideration of said money, John H. Iselin and wife conveyed the property in controversy to John H. Iselin, trustee, in December, 1879. This conveyance is in the usual form of warrantee deeds, and was duly acknowledged, and filed for record in January, 1880. At the time the deed of trust under which the plaintiffs claim was executed, as we find from a preponderance of the evidence, the trustee and the beneficiaries therein named had express notice of the conveyance to John H. Iselin as trustee for the intervenor. The appellants insist that the trust attempted to be created by the conveyance to John H. Iselin, trustee, is an express trust, and that the same cannot be enforced against them as subsequent encumbrancers, because of the existence of a statute which is as follows: "Declarations or creations of trust or powers relating to real estate must be executed in the same manner as deeds of conveyance; but this provision does not apply to trusts resulting from the operation or construction of law." Code § 1934. The intervenor contends that it makes no difference whether the trust is express or resulting—that, under the circumstances of this case, it may and should be enforced against the appellants.

I. The conveyance to John H. Iselin, trustee, was executed in all respects as are deeds conveying real estate. The property—the subject of the trust—is sufficiently described, and the only objection taken thereto is that the beneficiary is not named, and, as this must be supplied by parol, it is contended that the alleged trust is void, or at least that the lien of appellants has priority thereto. Many authorities have been cited by appellants in support of their position, which, have been examined with the care which the importance of the case requires. But we do not think they are applicable, because of the fact which we now proceed to state:

John H. Iselin admits the trust—that is to say, he testifies as a witness that the conveyance was made to himself as trustee, for the use and benefit of the intervenor, in consideration of money received by him belonging to her. This being so, the trust as against him could certainly be enforced, because it is alleged by the intervenor and admitted by the party named in the conveyance as trustee. The appellants, or those under whom they claim, had express notice that the real estate in controversy had been conveyed to John H. Iselin, trustee for the intervenor. It is the established rule that one who purchases from a trustee with notice of a trust takes the property subject thereto. Perry on Trusts, § 217.

We do not think the appellants have any better right than John H. Iselin; and, as the trust can be enforced against him, it can be against them. It is insisted that no trust is pleaded by the intervenor; but the facts are fully stated. It therefore becomes a question of law as to which party has the prior right.

AFFIRMED.