NICHOLAS F. PALMER, as Executor, etc., Appellant, *v.* GEORGE A. MORRISON, Respondent.

In an action to compel the specific performance, on the part of the vendee, of a contract for the sale of lands, plaintiff claimed title under a deed from an assignee in bankruptcy.   It appeared that in 1842 the then owner of the land was adjudged a bankrupt, and the official general assignee in bankruptcy became vested with the title; no debts were proved against the estate of the bankrupt before his discharge and but one small one thereafter.   In 1844 the assignee advertised and sold the land at auction and it was bid off by one R. for $2.   In 1866, T. claiming to have purchased the bid of R. from his administratrix, applied for and obtained a deed from the assignee which was recorded in 1869.   No possession accompanied the title under the assignee's sale.   *Held*, that the title was defective and defendant could not be compelled to complete the purchase; that if there was a binding contract for the sale of the land by the assignee to R., the administratrix of the latter had no interest in the land, as the interest of her intestate was real

estate and went to his heirs; and that, therefore, she conveyed no right or interest by her assignment, and the assignee in bankruptcy had no authority to convey to T.

As to whether under the late bankrupt act a sale by an assignee in bankruptcy of the real estate of a bankrupt, made without an order of the bankruptcy court directing it, is void or not, *quære.*

The case of *Smith* v. *Long* (12 Abb [N. C.] 113), holding such a sale to be void, explained and the question stated to be still an open one.

(Submitted December 9, 1886, decided January 18, 1887.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York entered upon an order made February 4, 1885, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term. (Mem. of decision below, 19 J. & S. 530.)

The nature of the action and the material facts are stated the opinion.

*William Man* for appellant. The property of the bankrupt, by the express provision of the act, passes to the assignee and vests in him without the need of any further or other conveyance or assurance by the bankrupt or otherwise. (Act of 1841, 5 U. S. Stat. at Large, 443, § 3.) To get back his property the assignor would have to petition the court to direct the assignee to reconvey. (*Paige* v. *Waring,* 76 N. Y. 465; *Stevens* v. *Earles,* 25 Mich. R. 40.) The administratrix of Reed was the proper party to assign a mere bid. It was not a contract for real estate, which is in itself real estate. At an auction sale the title does not pass by the bid accepted, nor by the written memorandum made by the auctioneer, but only by the deed. (Bing. on Sales of Real Prop. 57; *Simmons* v. *Catlin,* 2 Cai. Rep. 61.) It was competent for Congress to enact section 15 of the Bankrupt Act. They might say that the deed in the prescribed form should be presumptive evidence only of regularity, as our State legislature has done in regard to the sales of land in the State for taxes. (2 R. S. [7th ed.] 1028, § 65; *Coleman* v. *Shattuck,* 62 N. Y. 348.)

*George A. Strong* for a party similarly situated with the appellant. The assignee's deed, with the accompanying proof specified in the statute, is conclusive as to the validity of the sale. (Act of 1841, 5 U. S. Stat. at Large, 440; *Holbrook v. Brennen,* 31 Ill. 512; *Holbrook* v. *Coney,* 25 id. 551; *Joy* v. *Berdell,* id. 542; *Durnel* v. *Perley,* 32 Me. 202, 203; *Harrington* v. *Fish,* 10 Mich. 421.) The sale by an assignee in bankruptcy is a judicial sale. (*Stevens* v. *Hauser,* 39 N. Y. 306.) A title acquired under a judicial sale cannot be impeached by showing errors or illegalities in the proceedings of the court which rendered the judgment, even though these have since brought about a reversal. (*Holden* v. *Sackett,* 12 Abb. Pr. 475; *Hening* v. *Punnett,* 4 Daly, 545; 2 R. S. [Edm. ed.], 382, 383, § 3440.) Under the Bankrupt Act of 1841, a special order of sale in each instance was not indispensable, nor if such order was obtained in any given case, was it essential that it should fix the time and manner of that particular sale, so long as general rules existed in relation to these matters. (*Holbrook* v. *Coney,* 25 Ill. 549; *Holbrook* v. *Brennen,* 31 id. 513; *In re Mott,* 6 Fed. Rep., 688; *People* v. *Supervisors,* 34 N. Y. 272; 8 id. 328; *Striker* v. *Kelly,* 7 Hill, 24; *People* v. *Holley,* 12 Wend. 481; *Rex* v. *Birmingham,* 8 B. & C. 35; *Cole* v. *Green,* 6 Man. & G. 890; *King* v. *St. Gregory,* 2 Ad. & Ell. 99.) Even if the court should be of opinion that the act of 1841 requires a special order of sale in each particular case, prescribing the time and manner of sale, nevertheless the failure to make such an order, or the failure in the order actually made to prescribe such time and manner cannot suffice to defeat a sale actually made when afterwards assailed collaterally. (*Chemung Bk.* v. *Judson,* 8 N. Y. 260, 263; *In re Mott,* 6 Fed. Rep. 688; *Stevens* v. *Hauser,* 39 N. Y. 306, 312; 1 Robt. 50, 51; *Stevens* v. *Palmer,* 10 Bosw. 61, 63, 64; *People* v. *Sturtevant,* 9 N. Y. 263; *Swift* v. *Poughkeepsie,* 37 id. 512; *Schaettler* v. *Gardinier,* 47 id. 406; *Roderigas* v. *East River Svgs Inst'n.,* 63 id. 462; *Hunt* v. *Hunt,* 72 id. 228; *Elliot* v. *Perisol,* 1 Peters. 340; *Voorhees* v. *Bk. of U. S.,* 10 id. 477.)

*John M. Bowers* for respondent. The authority of the assignee to sell is statutory, and the principle applies that such authority must be strictly pursued. (Hilliard on Bank. and Insol., 170 ; *Cleveland* v. *Boerum*, 27 Barb. 252, 254 ; *Smith* v. *Long*, 3 Civ. Pro. 396, 408 [12 Abb. N. C. 113] ; *Gray* v. *Heslep*, 33 Mo. 238, 244 ; *Osborn* v. *Baxter*, 4 Cush. 406.) At the time of the sale to Reid the estate of the assignee had been divested by virtue of the discharge of the bankrupt without any debts having been proven against him. (*Page* v. *Waring*, 76 N. Y. 463, 473 ; *Charman* v. *Charman*, 14 Ves. 579 ; *In re Hoyt*, 3 Bank R. 55, 56 ; *Manice* v. *Manice*, 43 N. Y. 303 ; *Selden* v. *Vermilyea*, 3 id. 525, 532 ; *Peck* v. *Brown*, 2 Rob. 119, 133 ; *Ford* v. *Belmont*, 7 id. 98 ; *Young* v. *Bradley*, 101 U. S. 782, 787 ; *Poor* v. *Concidine*, 6 Wall. 458 ; *French* v. *Edwards*, 21 id. 147 ; *Lincoln* v. *French*, 105 U. S. 614 ; Perry on Trusts, §§ 351, 352, 920 ; Tiffany & Bullard's Law of Trusts and Trustees, 861, 862 ; Urlin's Office of Trustees, 156, 227 ; Hill on Trustees, 392, 393 , 1 R. S. 730, § 67.) The recital in the deed of the assignment of the bid in such a case is no proof of the fact. (*Cleveland* v. *Boerum*, 27 Barb. 252, 254.) Plaintiff should have sued individually, not in his representative capacity. (*Thompson* v. *Whitmarsh*, 100 N. Y. 35.) The purchaser has the right to a good title, and cannot be compelled to accept a conveyance, which leaves him to the uncertainty of a doubtful title, or to any hazard or to a contest with other parties concerning thy same. (*Jordan* v. *Poillon*, 77 N. Y. 518.)

EARL, J. This action was brought to enforce the specific performance of a contract for the sale of land by the vendor against the vendee. The vendee defends on the ground that the plaintiff is not able to give such a title to the land as he has the right to demand and receive.

The material facts are as follows: In the year 1842, and prior thereto, the land was owned in fee simple by one Hartshorn, then a resident of this State, who in December of that year was, upon his own application, adjudged a bankrupt be

the United States District Court for the Southern District of New York, pursuant to the Bankrupt Act of 1841. He obtained his final discharge from his debts in 1843, and prior thereto no debts had been proved against his estate. But after his discharge, in May, 1843, a debt of $194 was proved, and that was the only one, so far as the record discloses, that was proved. William C. H. Waddell was the official general assignee in bankruptcy for the southern district of New York, and as such became vested with the title to the land. On the 22d of March, 1844, he made a report recommending a sale of the land, and thereafter he advertised it for sale, and on the 7th of May, 1844, it was sold at auction and bid off by one Reed for the price of $2. John Townshend, claiming to have purchased the bid from the administratrix of Reed, in 1866, applied to Waddell for a deed of the land, and on the 14th of September, 1866, Waddell executed a deed to him, which was placed upon record on the 2d of October, 1869. In 1871 Townshend conveyed the land to one Van Schoeneng, who, in 1874, mortgaged the same to Francis B. Hegeman. That mortgage was subsequently foreclosed and the land was bid off by and conveyed to Mrs. Hegeman, and the plaintiff, under a power of sale contained in her will, entered into the contract of sale to the defendant.

The courts below held that the plaintiff was not able to convey a good title to the land and based their decision upon the case of *Smith* v. *Long* (12 Abb. [N. C] 113), in which it is claimed this court decided that under the bankrupt law of 1841 an assignee in bankruptcy had no power to dispose of the real estate of the bankrupt, except in pursuance of an order of the bankrupt court fixing the time and manner of such sale, and that if there was no such order the omission was jurisdictional and the sale void under section 9 of the bankrupt act, which required that all sales, transfers and other conveyances of the assignee of the bankrupt's property should be made at such time, and in such manner, as should be ordered and appointed by the court in bankruptcy. Here there was no order of any kind of the bankrupt court directing the sale.

It is strenuously contended on behalf of the plaintiff now, as it was in the case of *Smith* v. *Long*, that the absence of the order, even if irregular, did not render the sale and the deed given in pursuance thereof absolutely void. It is claimed that a very large amount of real estate in the city of New York is held under deeds executed by Waddell as assignee in pursuance of sales made in the same way without any order of the bankrupt court, and that it would unsettle many titles now to hold that the deeds of the assignee under such circumstances were void.

It is proper to say in reference to the case of *Smith* v. *Long* that after it was decided a motion for reargument was made and that motion was never decided for the reason that the case was settled, and the opinion was therefore withheld from publication in the reports of this court. There were two grounds stated in the opinion for the reversal of the judgment in that case, and the decision can rest upon the one ground that the grantee of the land there in question had no right under the Code to commence and maintain his action in the name of his remote grantor ; and, under the circumstances, the last ground stated in the opinion for the reversal of the judgment, to wit, that the sale and deed were void because there was no order of the court fixing the time and manner of the sale, should still be regarded as an open question in this court. It was not necessary to decide it in that case and it was not finally determined. There is some dispute both upon reason and authority whether the order was a necessary prerequisite to the validity of a sale and deed under the bankrupt act, and the able judge who wrote the opinion in *Smith* v. *Long* reached the conclusion that it was ; and whether it was or not should not be determined in this case in the absence of the bankrupt or his heirs, who would not be bound by any decision which might be made in the litigation between these parties.

But there are other grounds for the affirmance of this judgment. These facts standing alone, to wit : that no debts were proved against the estate of the bankrupt before his discharge, and but one small debt afterward ; that the land was sold by

the assignee for but two dollars without any proof even that that was paid or that any binding contract for the sale was made; that no deed was given by the assignee until after the lapse of twenty-two years when no conveyance could have been compelled, and that the deed was then given without any order of the court, and that no possession ever accompanied the title under the assignee's sale, leave plaintiff's title involved in so much infirmity and uncertainty that any court could well decline to compel a vendee entitled to a good marketable title to take a conveyance thereof. (Fry on Spec. Perf. [3d Am. ed.] 427.)

But there is still a surer and more satisfactory ground upon which to deny the relief the plaintiff seeks. If there was a binding contract for the sale of the land by the assignee to Reed, and Reed died and his administratrix assigned his contract of purchase to Townshend (of which facts there is no proof) then Townshend obtained no right from the administratrix. She had no interest in the contract or the land and no right to deal with or sell the same. Reed's interest under the contract was real estate, and at his death passed as such to his heirs and not to his administratrix, and his heirs alone were authorized to assign and convey such interest. (*Boon* v *Chiles*, 10 Pet. 177, 180; *Simonds* v. *Catlin*, 2 Caines R. 61, *Hathaway* v. *Payne*, 34 N. Y. 92, 103; *Stoddard* v. *Whiting*, 46 id. 627.) Waddell therefore had no authority to convey to Townshend, and the rights of Reed's heirs, if by his death they acquired any in the land, appear to be still intact. The deed was not made in pursuance of any public sale and was wholly unauthorized by law.

The judgment should, therefore, be affirmed with costs.

All concur.

Judgment affirmed.