Boardman v. Willard et al.

BOARDMAN v. WILLARD ET AL.

1. **Trusts**: UNNAMED BENEFICIARY: TITLE TO LAND: LIEN OF JUDGMENT AGAINST TRUSTEE. Where one to whom land has been conveyed as trustee, without naming the beneficiary, acknowledges the trust, and that he holds the title for the benefit of another, the title will vest in him as trustee, and not in his own right, and a judgment against him personally will not be a lien on the land. (Compare *Sleeper v. Iselin*, 62 Iowa, 583.)

2. **Injunction**: RESTRAINING EXECUTION SALE: DAMAGES ON BOND. Where an execution was sought to be enforced against land the title of which was in the debtor as "trustee," without naming the beneficiary, and one claiming to be the beneficiary enjoined the sale of the land, but it was afterwards held that the judgment was a lien upon it from its date, and that it should be sold to satisfy the judgment, *held* that the execution was not wrongfully issued, and that it was not wrongfully maintained until after the decree which declared the judgment to be a lien on the land, and that, as no actual damages accrued to plaintiff between the date of that decree and the dissolution of the injunction, he was entitled to nothing more than nominal damages in an action on the injunction bond.

3. **Appeal**: PRACTICE: REVERSAL FOR NOMINAL DAMAGES. A cause will not be reversed for the purpose simply of allowing the appellant to recover mere nominal damages. (Compare *Norman v. Winch*, 65 Iowa, 263.)

4. ———: ———: COSTS OF USELESS ABSTRACT. The costs of an amended abstract not filed in time, and immaterial in its contents, will be taxed to the party filing the same, even though he prevails on the appeal.

*Appeal from Marshall District Court*—HON. D. D. MIR-ACLE, Judge.

THURSDAY, OCTOBER 20.

ACTION on an injunction bond; trial to the court; judgment for the defendant, and the plaintiff appeals.

*Brown & Carney*, for appellant.

*Binford & Snelling*, for appellee.

SEEVERS, J.—The plaintiff, being the owner of a judgment against George F. Woolston, caused an execution to be

issued on August 2, 1883, and levied on certain real estate. The title of record to said real estate was in "Geo. F. Woolston, trustee." On the succeeding day the plaintiff commenced an action in equity against Woolston and wife, in which it was alleged that Woolston was in fact the owner of the real estate, but had caused the same to be conveyed to himself, as above stated, for the purpose of obscuring the title and preventing a levy and sale on execution, and that the word "trustee" was used for the purpose of defrauding his creditors. The relief asked was that the real estate be declared the property of Woolston, and said judgment be declared a first lien thereon, and the same ordered sold; or, if a sale had been made under said execution, that the sale be confirmed as a sale of the property of Woolston. On the day the property was advertised to be sold under the execution, the defendant Willard commenced an action in equity, in which she asked and obtained an injunction restraining the sale, on the ground that the real estate belonged to her, and that Woolston had no interest therein, but held the title as trustee for her. The bond sued on was given in said action. In November, 1884, by agreement of counsel, a decree was obtained in the suit in equity brought by the plaintiff, and the judgment of the plaintiff was declared to be a lien on the real estate, and that such lien commenced when the judgment was rendered. Afterwards a motion was filed asking a dissolution of the injunction, and for a decree in that action for the plaintiff. The motion was sustained, injunction dissolved, and petition dismissed. Afterwards a final decree was entered in the action in equity commenced by the plaintiff, subjecting the real estate to be sold on execution issued on the plaintiff's judgment.

I. The plaintiff claims that the injunction was wrongfully issued, and he has introduced evidence tending to show that he has been damaged thereby. The defendant insists that the injunction was rightfully issued, for the reason that the title to the real estate was not in the judgment debtor at

the time it was issued. It will be observed that the real estate was conveyed to "Geo. F. Woolston, trustee." The plaintiff claims that the word "trustee" must be regarded as a mere description of the person to whom the conveyance was made, and that the legal title vested in Woolston as an individual.

In support of this proposition, *Cairns v. Hay*, 21 N. J. Law, 174, and *Brown v. Combs*, 29 N. J. Law, 36, are cited. An examination of these cases, we think, will show that they are not applicable. In the case at bar the petition asking an injunction was verified by Woolston. He therefore acknowledged the trust, and that he held the title to the real estate as "trustee" for Mrs. Willard. In such case it is not essential that the beneficiary be named in the conveyance, in order that the title vest in the trustee for the use and benefit of the beneficiary. (*Sleeper v. Iselin*, 62 Iowa, 583.) The title being in Woolston, trustee, the judgment was not a lien thereon, nor was one created by the levy of the execution, for all the plaintiff obtained thereby was a lien on the interest of Woolston. If he had none, the plaintiff got none. The action in equity commenced by the plaintiff in aid of the proceeding at law did not create a lien. The only effect was to prevent a conveyance of the property by Woolston, trustee, pending the litigation. The injunction was therefore rightfully issued, and it cannot be said to have become wrongful until the decree was entered by consent, in which it was adjudged that the property was liable to be sold under the plaintiff's judgment. This was in November, 1884, and the injunction was dissolved in December thereafter. The evidence will not justify the conclusion that the plaintiff was damaged in any respect between said periods, or afterwards, previous to the sale under the execution.

It may be possible that the plaintiff was entitled to nominal damages, but we will not reverse a case for this reason. (*Norman v. Winch*, 65 Iowa, 263.) As bearing on the question whether the plaintiff would have obtained a title to the

real estate if no injunction had been issued, and he had sold it on the execution, and purchased the same, see *Bridgman v. McKissick*, 15 Iowa, 260; *Howland v. Knox*, 59 Id., 46.

II. The plaintiff asks that the cost of printing an amended abstract be taxed to the defendant, upon the ground that it was not filed in time, and that the amendments are immaterial. The motion must be sustained.

AFFIRMED.