O'BRIEN *v.* EVANS. [1]

LAND CONTRACT—CONVEYANCE TO THIRD PARTY—ASSIGNMENT.
 A vendor in a land contract conveyed the land by warranty deed
 to a third party, excepting the contract from the covenants of
 warranty. *Held,* that he did not thereby assign the debt
 secured by the contract, so as to enable the grantee to main-
 tain an action at law therefor.

Error to Wayne; Carpenter, J. Submitted October 12,
1895. Decided December 24, 1895.

*Assumpsit* by Patrick B. O'Brien against Frederick
Evans to recover the amount alleged to be due upon a
land contract. From a judgment for plaintiff, defendant
brings error. Reversed.

*William Stacey,* for appellant.

*Edward McNamara (Charles Flowers,* of counsel), for
appellee.

HOOKER, J. Price and Kinsey owned, in common, four
lots in the city of Detroit. On October 4, 1888, they
gave a mortgage for $1,100 upon said lots, to George
W. Moore, trustee. On December 27, 1888, Kinsey deeded
to Price, by warranty deed, lots 1 and 4, subject to one-
half of the mortgage, which Price assumed by the terms
of the deed. On January 1, 1889, Price sold lot 1, by
land contract, to Evans, the defendant, by the terms
of which contract Evans was to have possession of the
premises, and was to pay to Price $50 down, $275 and
interest on or before five years, and $275 and interest
upon said mortgage, which, by its terms, was to fall
due October 4, 1890. On August 23, 1889, Price and
Kinsey joined in a warranty deed of the four lots, to
O'Brien, the plaintiff. This deed contained a covenant

---

[1] Rehearing denied, but new trial granted, January 20, 1896.

to warrant and defend the premises against all lawful claims except the mortgage and land contract. On August 26, 1889, George W. Moore assigned the mortgage to the People's Savings Bank of Detroit. The defendant paid interest upon the amount remaining due upon the contract to Mr. O'Brien. He testified, however, that he did so believing that O'Brien had an assignment of Price's rights in the contract; but, when he ascertained that the only interest he had in the premises was under the deed, he refused to pay more to him. O'Brien's attorney testified that O'Brien paid the bank the amount due on the mortgage, and took a release of lot 1, upon the promise of Evans to pay up the amount due upon the contract soon. Evans testified that he did not make such promise. O'Brien paid the mortgage, and took a release of lot 1, and subsequently brought this action in justice's court to recover from Evans the amount of such payment. The declaration was upon the common counts, and a bill of particulars was filed containing the following items, viz.:

To amount due on contract, Price and Evans,
    assigned to plaintiff......................... $275 00
Interest for one year, at 7 per cent............     19 25
                                                  ─────────
                                                  $294 25

A plea of the general issue was filed, and a judgment of no cause of action was rendered. Plaintiff appealed.

Upon the trial in the circuit court, the plaintiff recovered. At the close of the testimony, the defendant moved for judgment, for the following reasons:

"*First.* Because no proof was introduced to show defendant's liability under the declaration to any person whatsoever.

"*Second.* Because, even if defendant was liable to any person under the contract offered in evidence, there has been no assignment of it to the plaintiff, nor of the mortgage referred to in the contract, nor of the note secured

by said mortgage, and therefore he could not maintain his suit against the defendant.

"*Third.* Because the lot in question is a vacant lot, in an outlying portion of the city, which to-day is not worth half the contract price. We therefore claim that as the defendant never took possession of the lot, and as the vendor in the contract has, by deeding the lot to a third party, put it out of his power to fulfill his part of the contract, that, therefore, the defendant can elect and has elected to repudiate the same."

The cause was tried without a jury, and no findings of fact and law appear in the record. We are therefore limited to the question whether there was evidence to support the judgment. All of the evidence was incorporated in the bill of exceptions. By the contract, the defendant obligated himself to pay certain moneys to Price, and Price thenceforth held the title in trust for the defendant. Price conveyed the legal title to O'Brien, and the one question presented here is whether he thereby assigned the chose in action, viz., his right to the consideration.

It is claimed that there is testimony in the case tending to show that the money paid upon this mortgage by O'Brien was paid at the request of Evans, who was under contract obligations with Price to pay it; but we fail to discover it. Evans made payments to O'Brien, and promised to pay the mortgage, but he did not request O'Brien to pay it for him, and the payments made to O'Brien by him were upon the supposition that O'Brien had an assignment of the interest of Price in the contract. Again, the bill of particulars precludes a recovery upon a count for money paid for defendant's use and benefit, and limits plaintiff to a claim for an amount due upon the contract. The question, therefore, turns upon the effect of the deed.

The deed conveyed whatever interest the grantor had in the land, but did not warrant against these incum-

brances, which, by its terms, the grantor expressly refused to do. We have no doubt that he precluded himself from asserting a right to or claim upon said premises, by way of security for the contract debt, but it is manifest that he did not cut off Evans' right to a conveyance upon performance. Again, it may be that the plaintiff acquired such an interest that payment of the mortgage would have entitled him to subrogation to the mortgagee's right against the defendant, had he seen fit to claim it, instead of taking a release of the premises; and it is possible that equity, upon an investigation of the surrounding circumstances, might be warranted in finding that an assignment of the claim was intended. But, upon this record, the circumstances under which the deed was given do not appear. It may be that the intention was that the plaintiff should take the title as a mere trustee, or it is possible that the plaintiff's grantor had possession that was of some value, which he desired to convey to the plaintiff, without designing to assign the indebtedness under the contract. It is true that defendant had the right to the possession under his contract, but his brief claims that he never took possession. But the intention of the parties is mere conjecture, and perhaps could not be considered in an action at law, except as conclusively presumed from the deed. If the deed can be construed as intending to convey the debt, plaintiff was entitled to judgment; otherwise, not.

At law, the vendor, Price, owned the land. He had the legal title, and while equity might treat him as a trustee, holding the title for another in trust, but coupled with an interest by way of security for his debt, the only remedy that the vendee could have at law, in case of a refusal to convey, would be an action for damages. On the other hand, the vendor's right would be similar if the vendee failed to perform. The deed conveyed the title, but, unlike the case of *Lovejoy* v. *Potter*, 60 Mich.

99, relied upon by counsel, it failed to expressly assign the contract. The brief of counsel for the plaintiff does not cite an authority to sustain the proposition that the deed should be construed as an assignment of the debt. We can readily suppose that such may have been the intention of the parties, though, as we have shown, that does not necessarily follow. Had a portion of the premises covered by the contract been conveyed, or different portions been conveyed to several persons, a troublesome question would arise if a vendor's deed must necessarily carry with it the debt. Whether the conveyance of a fraction would carry the entire debt, and, if not, what portion, would then be questions that would not be easy to answer.

We think that the circuit judge erred in his conclusion, and are therefore constrained to reverse the judgment. There is no occasion for directing a new trial.

The other Justices concurred.