BOWEN *v.* LANSING.

LAND CONTRACTS — DEATH OF VENDOR — INTEREST OF HEIR — EXECUTION.

The interest of a vendor in land held by the vendee under a contract of purchase, on the death of the vendor, goes to his administrator as personalty, and is not subject to sale on execution against the heir.

Appeal from Wayne; Rohnert, J. Submitted October 22, 1901. Decided December 21, 1901.

Bill by Herbert Bowen, administrator of the estate of Angus Keith, deceased, against James B. W. Lansing and G. Duffield Stewart, to remove a cloud from title. From a decree dismissing the bill, complainant appeals. Reversed.

*Bowen, Douglas & Whiting,* for complainant.

*John H. Patterson* (*Clark, Durfee & Allor,* of counsel), for defendants.

HOOKER, J. Angus Keith, an incompetent person, being possessed of certain land upon Grosse Isle, contracted by an ordinary land contract, through his legally appointed guardian, the Union Trust Company, to convey it to Lulu D. Wormer. The purchase price was $2,500, $500 of which was paid at the time the contract was made. Before full payment, but after a part of the purchase money had been paid, and after the vendee had been put in possession under the contract (according to complainant's claim), Mr. Keith died, leaving as his sole heir his son, A. Douglas Keith. The complainant, Bowen, was appointed administrator of Keith's estate, which consisted of $50 worth of household property and his interest in the land contracted to Wormer. Claims aggregating $400 or

$500 have been presented, and the administrator has no means with which to pay them, aside from the money due or to become due upon Wormer's contract, amounting to upwards of $2,000.

' Angus Keith died on January 24, 1899, and on the 7th day of February, 1899, defendant Lansing, a judgment creditor of A. Douglas Keith, caused his codefendant, Stewart, a sheriff, to levy a writ of *fieri facias* in favor of Lansing upon the interest of said A. Douglas Keith in said premises, and to advertise the same for sale. This was about a month previous to complainant's appointment as administrator. After said levy the administrator filed this bill to remove the cloud from the title caused by defendant's levy, alleging the foregoing facts, and that Wormer was ready to pay the purchase money when she could obtain a clear title to the premises, but refused payment until this cloud should be removed. Subsequently defendant Lansing purchased the premises at the sheriff's sale.

Counsel seem to agree that the only question raised is whether the interest of Angus Keith in this land descended to A. Douglas Keith, so as to be subject to a levy. Complainant contends that it is personal property, and therefore belongs to the administrator, and that it was not subject to such levy. Defendants maintain that it is an interest in lands, which descended to the heir, by operation of law, upon the death of the ancestor, subject to the rights of creditors, and that it was susceptible to a levy for the debts of the heir, subject to such rights as creditors may have.

When we shall have determined the character of the interest remaining in a vendor of land held by the vendee upon contract of purchase merely, we shall have gone far in ascertaining whether it is such as will descend to the heir as real estate, or go to the administrator as personalty. In the early case of *Wing* v. *McDowell*, Walk. Ch. 181, it was said:

"At law a contract for the purchase of land gives the vendee no interest in the land; but the rule is otherwise in equity, which considers the vendor, as to the land, a trustee for the purchaser, and the vendee, as to the money, a trustee for the seller. In equity the land belongs to the vendee, and may be sold, devised, or incumbered by him, and on his death will descend to his heirs. *Seton* v. *Slade,* 7 Ves. 265, 274; *Paine* v. *Meller,* 6 Ves. 353; *Champion* v. *Brown,* 6 Johns. Ch. 398 (10 Am. Dec. 343). It must be taken, however, subject to the rights of the vendor under the contract. And, McDowell having an equitable interest in the land under the contract, the mortgage from him to Simmons was an equitable mortgage of that equitable interest."

This was emphasized by *Fitzhugh* v. *Maxwell,* 34 Mich. 138, where it was again said that the legal title remained in the vendor as a trust, and that his only equitable claim upon it was by way of security for his debt in the nature of a vendor's lien, which could only be made effective to devest the vendee's equitable title by a sale through proceedings to foreclose the vendor's lien. In *Walker* v. *Casgrain,* 101 Mich. 608 (60 N. W. 292), it was said:

"While complainant holds the legal title, defendant Casgrain is the owner in equity. The claim of the vendor is but an ordinary money debt, secured by the contract."

See, also, *Corey* v. *Smalley,* 106 Mich. 260 (64 N. W. 13, 58 Am. St. Rep. 474); *O'Brien* v. *Evans,* 107 Mich. 623 (65 N. W. 571).

Many authorities are cited by counsel for the complainant in support of their contention that a vendor's interest is not real estate, and does not pass to the heir, but is personalty, and goes to the administrator. The rule is so stated in 11 Am. & Eng. Enc. Law (2d Ed.), 843, where the authorities are collected, representing the States of Arkansas, Indiana, Massachusetts, New York, Pennsylvania, Illinois, and Wisconsin. See, also, Warv. Vend. 189, and authorities cited; Sugd. Vend. marg. p. 177. In *Scott* v. *Davis,* 141 Mo. 226 (42 S. W. 717), the court quotes with approval from 22 Am. & Eng. Enc. Law, 1064, the following language, viz.:

" The personal representative of the vendor is generally the proper party to enforce specific performance when the purchase money is unpaid, after the death of the vendor, although, if a conveyance has to be made, the vendor's heirs or devisees may *also* be necessary parties,"—citing Pom. Cont. § 494; Fry, Spec. Perf. (3d Ed.) § 190; *Perry's Adm'rs* v. *Roberts*, 23 Mo. 221; *Leeper* v. *Lyon*, 68 Mo. 216; *Butler* v. *Rockwell*, 14 Colo. 125 (23 Pac. 462); *Hill* v. *Proctor*, 10 W. Va. 59; *Angell* v. *Steere*, 16 R. I. 200 (14 Atl. 81); *Potter* v. *Ellice*, 48 N. Y. 323.

As the foregoing authorities indicate that the vendor's title is only a trust coupled with an interest by way of security for a debt, which is personalty, so the following (cited by counsel) are in harmony in holding that the vendee is the *cestui que trust* as to the legal title, and that his interest is real property, and descends to his heirs (in equity), who are the proper ones to file a bill for specific performance. *Champion* v. *Brown*, 6 Johns. Ch. 400 (10 Am. Dec. 343); Pom. Cont. § 494; *Lavender* v. *Abbott*, 30 Ark. 172; *Palmer* v. *Morrison*, 104 N. Y. 132 (10 N. E. 144); *Bender* v. *Luckenbach*, 162 Pa. St. 22 (29 Atl. 295); *Sutter's Heirs* v. *Ling*, 25 Pa. St. 466; *Miller's Adm'r* v. *Miller*, 25 N. J. Eq. 354; *Skinner* v. *Newberry*, 51 Ill. 203; *Lewis* v. *Smith*, 9 N. Y. 502 (61 Am. Dec. 706); *Smith* v. *Gage*, 41 Barb. 60; *Potter* v. *Ellice*, *supra; Denham* v. *Cornell*, 67 N. Y. 556; *Compo* v. *Iron Co.*, 49 Mich. 44 (12 N. W. 901); *House* v. *Dexter*, 9 Mich. 246; *Baxter* v. *Robinson*, 11 Mich. 522; *Gustin* v. *School District*, 94 Mich. 502 (54 N. W. 156, 34 Am. St. Rep. 361).

It is clear that, upon the death of the vendor, the chose in action, with the security represented by the contract, became a part of the personal assets of the estate, and the interest of A. Douglas Keith therein was prospective merely, and contingent upon the course of administration. If the legal title descended to him, he held it merely by a tenure analogous to that of a "dry trustee," for such person as should become entitled to it by payment of the contract price, or by purchase upon foreclosure of the lien;

and he had no interest that could be acquired by sale on execution. *Battle* v. *Petway*, 27 N. C. 576 (44 Am. Dec. 59); *Boardman* v. *Willard*, 73 Iowa, 20 (34 N. W. 487); *Robinson* v. *Chapline*, 9 Iowa, 91; *Hollingsworth* v. *Trueblood*, 59 Ind. 542; *Cox* v. *Arnsmann*, 76 Ind. 210; *Bostick* v. *Keizer*, 4 J. J. Marsh. 597 (20 Am. Dec. 237); *Williams* v. *Fullerton*, 20 Vt. 346; *Townsley* v. *Barber*, 27 Vt. 417; *Rankin* v. *Barcroft*, 114 Ill. 441 (3 N. E. 97); *Campfield* v. *Johnson*, 5 N. J. Eq. 245. We are of the opinion that the execution debtor, A. Douglas Keith, had no interest in the land subject to sale on execution, and that the purchaser took no title by his purchase at such sale.

The decree of the circuit court will be reversed, and complainant may take a decree in accordance with the prayer of his bill, with costs of both courts.

The other Justices concurred.